[No. 33686. Department Two. January 31, 1957.]

OHIO CASUALTY INSURANCE COMPANY, *Appellant*, v. ROBERT L. NELSON, *Defendant*, JOHN T. CONLIN *et al.*, *Respondents.*[1]

*Kahin, Carmody & Horswill*, for appellant.

*Arthur R. Paulsen*, for respondents.

OTT, J.—This is an action in which the plaintiff sought a declaratory judgment to establish the extent of its liability under the provisions of its insurance policy issued to one of the defendants, Robert L. Nelson. From a judgment in favor of the defendants John and Leona Conlin, the plaintiff has appealed.

[1]Reported in 306 P. (2d) 201.

The facts are substantially as follows: On October 29, 1952, the appellant, Ohio Casualty Insurance Company, through the George Dunton agency, issued a public liability policy to Robert L. Nelson. The automobile described in the policy was his 1939 Buick four-door sedan. The premium payments were made, and the policy was in full force and effect until October 30, 1954.

The provisions of the contract were the standard insurance provisions relative to bodily injury, and property damage liability. The provisions material to a consideration of the issues raised by this appeal are as follows:

"Definition of Insured. With respect to the insurance for bodily injury liability and for property damage liability the unqualified word 'Insured' includes the Named Insured and also includes any person while using the automobile and any person or organization legally responsible for the use thereof, provided the actual use of the automobile is by the Named Insured or with his permission. . . .

"Automobile Defined. . . .

" (a) Automobile. Except where stated to the contrary, the word 'automobile' means:

" (1) Described Automobile—the motor vehicle or trailer described in this policy; . . .

" (4) Newly Acquired Automobile—an automobile, ownership of which is acquired by the Named Insured who is the owner of the described automobile, if the Named Insured notifies the Company within thirty days following the date of its delivery to him, and if either it replaces an automobile described in this policy or the Company insures all automobiles owned by the Named Insured at such delivery date; but the insurance with respect to the newly acquired automobile does not apply to any loss against which the Named Insured has other valid and collectible insurance. The Named Insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile."

On January 7, 1954, an endorsement was placed upon the policy designated as a "Change of Automobile or Coverage Endorsement." The endorsement specified: "The policy is amended to cover the following described Automobile . . . 1947 FRAZER 4 DR. SEDAN. . . . This policy ceases to cover the following Automobile . . . 1933 [sic]

Buick 4 Dr. Sedan." The endorsement was signed by The Ohio Casualty Insurance Company, George Dunton, Agent.

In July, 1954, the insured, Robert L. Nelson, purchased on contract from Grassi Motor Company in Tacoma a 1949 Mercury automobile. The motor company sold and assigned the contract to the National Bank of Washington. Robert Nelson delivered to the bank a fire, theft, and material damage policy covering a 1949 Chevrolet sedan, issued by the American Fidelity and Casualty Company through the George Dunton agency. The bank notified the George Dunton agency of Robert Nelson's newly acquired Mercury and requested an endorsement changing the coverage from a Chevrolet to the Mercury in the American Fidelity and Casualty Company policy, by two letters reading as follows:

"Mr. George Dunton                 July 2, 1954
P. O. Box 269
Santa Ana, California
            "Re:   American Fidelity and Casualty
                   Policy No. AFC 251610
                   Robert L. Nelson

"Gentlemen:

"We have recently purchased the contract of Robert L. Nelson covering his 1949 Mercury Sedan, Motor No. 9CM 196341 from the Gassi [sic] Motors of this city.

"We have in our possession the above captioned policy covering his previous automobile. Please forward to us a change of car endorsement and a completed loss payable endorsement, a set of which is enclosed.
              "Yours very truly,
              Jack Smith
              Instalment Loan Dept."

"Mr. George Dunton               July 20, 1954
P. O. Box 269
Santa Ana, California
            "Re:   Policy No. AFC 251610
                   American Fidelity and Casualty
                   Robert L. Nelson

"Gentlemen:

"We have recently purchased the contract of Robert L. Nelson from the Grassi Motors of this city covering his 1949 Mercury Sedan, Motor No. 9CM 196341.

"We have in our possession the above captioned policy covering his 1949 Chevrolet Sedan. Please forward to us a change of car and a completed loss payable endorsement, a set of which is enclosed.

> "Yours very truly,
> R. E. Salonen
> Instalment Loan Dept."

On October 16, 1954, while the Mercury was being driven by one Junior Parker, it was involved in a collision with another automobile, in which the respondents, John Conlin and Leona Conlin, his wife, were injured. Respondents obtained a judgment against Robert L. Nelson for bodily injuries and property damage which they sustained and for which, in their cross-complaint in this proceeding, they sought indemnity from appellant.

The appellant denies liability for the reason that the automobile covered by the policy at the time of the accident was a 1947 Frazer four-door sedan, whereas the automobile involved in the accident was a 1949 Mercury.

The record shows that the defendant Robert L. Nelson was served with process, defaulted, and was not called as a witness. There is no evidence in the record that Nelson is not the present owner of the Frazer automobile. It is not denied that the 1949 Mercury was the automobile involved in the accident, and that, at that time, it was being driven by a person other than the insured.

Insurance is a contractual relationship between the insurer and the insured. *McGregor v. Inter-Ocean Ins. Co.*, 48 Wn. (2d) 268, 292 P. (2d) 1054 (1956). The appellant insurer established the allegations of its complaint when it proved, *inter alia*, that the contract which it had with the insured, Robert Nelson, at the time of the accident covered a 1947 Frazer.

In order for the respondents to recover upon their cross-complaint, it was incumbent upon them to establish by a preponderance of the evidence at least these essential facts: (1) that Nelson had in fact disposed of the 1947 Frazer, and (2) that Nelson, or someone on his behalf, had notified the Dunton agency of the disposition of the Frazer and re-

quested that the Mercury replace the Frazer as the automobile covered by the policy.

The respondents Conlin contend that, because the bank notified the Dunton agency that Nelson desired to transfer his material damage insurance from his Chevrolet automobile to a Mercury, and requested substitution, by endorsement, of the newly acquired Mercury in the American Fidelity and Casualty Company policy, such a request was notice to the Dunton agency, as agent for the appellant, that Nelson had traded his Frazer for a Mercury and satisfied the conditions of subd. 4 of the insurance contract.

In its finding No. 5, the court found "That said 1949 Mercury automobile replaced an automobile theretofore covered by said [Ohio Casualty Insurance Company] insurance policy."

There is no evidence in the record to sustain this finding. The record is silent as to any disposition of the insured Frazer automobile by Robert Nelson. There is no evidence that the Dunton agency was notified that Nelson had disposed of the Frazer automobile. Notice to the Dunton agency that Nelson had purchased a Mercury is not notice that he had sold his Frazer.

Finally, the record fails to establish a request by Nelson, or by anyone on his behalf, to the Dunton agency that the Mercury be substituted for the Frazer in the Ohio Casualty Insurance Company policy.

Since the respondents failed to establish by a preponderance of the evidence their "further answer and cross-complaint," the judgment is reversed, and the cause remanded with instructions to enter a declaratory judgment in accordance with the views herein expressed.

HILL, C. J., DONWORTH, MALLERY, and WEAVER, JJ., concur.

---

May 20, 1957. Petition for rehearing denied.