Charles E. BROWN, Appellant,

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE CO., Appellee.**

Court of Appeals of Kentucky.

Nov. 1, 1957.

Franklin & Franklin, Madisonville, for appellant.

Gordon, Gordon & Mills, Madisonville, for appellee.

SIMS, Judge.

This appeal is from a declaratory judgment holding that appellee Company is not liable to appellant on an automobile indemnity insurance policy it issued to him covering a Studebaker car because the accident occurred while he was operating a Ford car, which was not covered by the terms of the policy. The Company's liability under the policy is limited to $25,000.

There is no contrariety in the facts which were stipulated. On June 13, 1955, the Company issued appellant an indemnity policy on his 1948 Studebaker automobile. On the day the policy was issued appellant also owned a 1947 Ford automobile, as well as a 2-ton Ford Truck, neither of which was covered by the policy. The Ford car had no engine in it on the day the policy was issued and could not be operated. In July 1955, appellant purchased a new motor for this Ford and on or about August 15th, his Studebaker became inoperable and he ceased driving it on that date. He had an engine installed in his Ford car, put it in driving condition and began using it. He did not operate his Studebaker thereafter and had its engine removed.

On or about August 25, 1955, while driving this Ford appellant had an accident in which three persons riding with him were injured. Immediately after this accident he notified the Company thereof and requested

it to defend him against any suits the injured persons might bring. On November 23rd, the Company wrote appellant a letter in which it denied all liability under section IV of the policy, a copy of which is filed with the stipulation. The applicable sections read:

"(a) Automobile. Except where stated to the contrary, the word 'automobile' means:

\* \* \* \* \* \*

"(4) Newly Acquired Automobile— an automobile, ownership of which is acquired by the named insured who is the owner of the described automobile, if the named insured notifies the company within thirty days following the date of its delivery to him, and if either it replaces an automobile described in this policy or the company insures all automobiles owned by the named insured at such delivery date; but the insurance with respect to the newly acquired automobile does not apply to any loss against which the named insured has other valid and collectible insurance. The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile."

It is the contention of appellant that his Ford car replaced the Studebaker on August 15, 1955, and he ceased operating it on that date. He says that on August 25th he had a collision while driving his Ford and as he notified the Company of that collision within thirty days after he replaced the Studebaker with the Ford he complied with the above quoted provisions of the policy that he "notify the company within thirty days following the date of the delivery to him \* \* \* of the newly acquired automobile." He argues the policy covered any car which replaced the Studebaker, providing he notified the Company of the replacement within thirty days after the time the replacement occurred, and provided he only had one automobile in operation at one time.

Appellant gives Webster's Twentieth Century Dictionary definition of the word "replace" as, "To fill the place of; to substitute for; to succeed; to supersede." He insists that under the terms of the policy the Ford replaced the Studebaker. He relies upon John Hancock Mut. Life Ins. Co. v. Tabb, 273 Ky. 649, 117 S.W.2d 587, as holding if there is any doubt as to the meaning of an insurance policy, it should be most strongly construed against the insurer. Under this Tabb opinion he insists we should say the Ford automobile replaced the Studebaker under the terms of the policy.

But the Tabb opinion says, "Ambiguous contracts of insurance are construed most strongly against the insurer." This policy does not appear to us to be ambiguous, and it plainly refers to a "newly acquired automobile" and requires the insured to notify the Company of the replacement within thirty days following the date of the delivery of the newly acquired car to him. In this instance appellant's Ford car was not "newly acquired" but was owned by him long before he took out insurance on the Studebaker. Nor did he notify the Company that the Ford was replacing the Studebaker *within thirty days after the Ford was delivered to him,* since he owned the Ford car at the time he insured the Studebaker.

By no stretch of the imagination did appellant comply with the terms of the policy when he attempted to substitute the Ford car he owned at the time the policy was issued for the Studebaker, covered by the policy. When the policy gave appellant the right to replace his Studebaker with a "newly acquired automobile \* \* \* if the named insured notifies the company within thirty days following the date of its delivery to him," certainly it was within the contemplation of the parties that the replacement must be a car the insured would acquire in the future and not one he owned at the time the policy was issued to him.

The case of Reimers v. International Indemnity Co., 143 Wash. 193, 254 P. 852, relied upon by appellant, is not controlling here. There, the policy covered a Ford delivery truck which suffered a broken crankshaft. The owner discarded the old chassis and purchased a new one upon which he mounted the delivery body. The policy expired, and without the company being notified of the changes made in the truck, it issued insured another policy covering the original truck. The "worked-over" truck had an accident and the company denied liability upon the theory that the repaired truck was not the same truck it insured. The court held the company liable on the ground that the truck covered in the second policy was the same vehicle the first policy had insured regardless of the extensive repairs made on it. The Washington court used this illustration: The insured might have repaired the truck piece by piece until the whole chassis was superseded by another, or it might have done the repair job all at one time, as was actually done. In either instance the vehicle was the one covered by the policy.

In the case at bar appellant did not attempt to repair his Studebaker by putting in a new engine or mounting the old body on a new chassis, but he attempted to substitute an altogether different car for the Studebaker. In replacing the Studebaker with the Ford appellant did not comply with the terms of the policy. Had the Company known he was replacing the Studebaker with an old Ford he owned at the time the policy was issued on the Studebaker, it might have refused permission for him to do so, as it had a right to do under the policy. Manifestly, appellant could not replace the Studebaker with the Ford without notifying the Company and affording it an opportunity to raise the premium, as the policy provided it might do.

The judgment is affirmed.