STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY v. WILL SHAFFER, RALPH NEAL SHAFFER, JOHN FRANKLIN MULLIS, JOE NEELEY ORR, LOIS ORR PORTER, ADMINISTRATRIX OF THE ESTATE OF RANSON WAYNE PORTER, DECEASED, AND NATIONWIDE MUTUAL INSURANCE COMPANY.

(Filed 8 April, 1959.)

**1. Appeal and Error § 49—**

The findings of fact by the trial court are conclusive on appeal if supported by competent evidence, notwithstanding that the evidence is conflicting and would support, also, a contrary finding.

**2. Insurance § 54—**

Where insured owns two automobiles covered respectively by policies

with different insurers, each providing that the policy should also cover an automobile acquired by insured if it replaces the automobile insured, and insured thereafter acquires another car, which of the two cars the newly acquired car replaces is a mixed question of law and fact, the interpretation of the policy provisions in the light of the facts found being a matter of law for the court.

**3. Insurance § 3—**

The unambiguous terms of a policy contract are to be taken in their plain, ordinary and popular sense.

**4. Insurance § 54—**

A replacement within the purview of a policy provision that the policy should cover an automobile acquired by the name insured if it replaces an automobile owned by him and covered by the policy, must be a vehicle acquired by insured after the issuance of the policy and during the policy period, and must replace the automobile described in the policy, which must be disposed of or be incapable of further service at the time of the replacement.

**5. Same—**

Insured owned two automobiles respectively covered by policies with different insurers, each providing that the policy should also cover an automobile acquired by insured if it replaces the automobile insured. One policy was issued under a rating for operation by the insured and his minor son and the second policy was issued under a rating for operation only by males over 25 years of age. Insured thereafter traded in the second car for a newer car, and this newer car was involved in a wreck while being driven by insured's son. *Held:* The second policy provided liability coverage with respect to the accident under its replacement clause.

**6. Insurance § 57—**

The fact that the premium for a liability policy is paid under a rating for the operation of the insured vehicle by a male over 25 years of age will not be given the effect of excluding liability when the vehicle is being operated by the minor son of the insured, there being no provision in the policy excluding liability for accidents occurring while the vehicle is being operated by a person under 25 years of age.

**7. Appeal and Error § 49:   Trial § 54—**

Where the parties waive a trial by jury, the rules of evidence are not so strictly enforced as in a jury trial, since it will be presumed that incompetent evidence was disregarded by the court in making its decision.

APPEAL by defendant Nationwide Mutual Insurance Company from *Froneberger, J.,* September 1958 Civil "A" Term of MECKLENBURG.

This action was instituted by plaintiff, State Farm Mutual Automobile Insurance Company (hereinafter referred to as State Farm), under the Declaratory Judgment Act (General Statutes of North Carolina, Chapter 1, Article 26; G.S. 1-253 to 1-267 inclusive) to de-

termine whether its policy or that of Nationwide Mutual Insurance Company (hereinafter referred to as Nationwide), issued to Will Shaffer, or either of said policies, provided liability coverage with respect to an accident in which a 1954 Ford, registered in the name of Will Shaffer, was involved. The pleadings raised issues of fact.

When the case came on for trial, all parties in open court waived trial by jury and agreed that the Judge might find the facts and render judgment on the facts found without the intervention of a jury. G.S. 1-184.

The parties entered into stipulations, the substance of which is as follows (the numbering is ours):

1. In 1953 defendant Will Shaffer applied to State Farm for a policy of automobile liability insurance on a 1948 Chevrolet. The application listed Will Shaffer as owner and Will Shaffer and his son, Ralph Neal Shaffer, as drivers. The policy was issued and was carried at all times under a premium rating of "Class 2-A," to wit:

> "CLASS 2A: (a) The automobile is used either for Business use or for Non Business Use, or for both; AND
>
> (b) There is a male operator of the automobile under 25 years of age resident in the Named Insured's household or employed as a chauffeur of the automobile, but no such male operator is the owner or principal operator of the automobile; OR
>
> (c) The male operators or owners under 25 years of age are married."

This policy was amended from time to time to describe vehicles subsequently and successively acquired. In December, 1956, Will Shaffer requested State Farm to put on the policy a 1950 Ford Two-Door, Motor No. BODA 108735 (hereinafter referred to as "State Farm Ford") as a replacement vehicle of the automobile previously described. This was done by issuance of a policy effective December 21, 1956. This policy was in full force and effect covering the State Farm Ford on 11 August, 1957, the date of the accident hereinafter referred to. This State Farm Ford was not involved in said accident and at the time thereof was at Will Shaffer's home in operable condition and was under the control and registered in the name of Will Shaffer.

2. About 3 February, 1956, Will Shaffer applied to Nationwide for a policy of automobile liability insurance to cover a 1949 Ford. The policy was issued and on 17 July, 1956, was amended by endorsement showing that the 1949 Ford was replaced by a 1950 Ford, Motor No. BOAT 121977 (hereinafter referred to as "Nationwide Ford"). This

policy was in full force and effect on 11 August, 1957, date of the accident referred to.

3. On 27 July, 1957, Nationwide Ford was used as a "trade in" on the purchase of a 1954 Ford. Title to the 1954 Ford was taken in the name of Will Shaffer. The 1954 Ford was involved in the accident on 11 August, 1957, and at the time was being driven by Ralph Neal Shaffer, who was then 19 years old, unmarried and resided with his father, Will Shaffer, as a member of his father's household.

4. Neither State Farm nor Nationwide received any notice of the disposition of the Nationwide Ford or the acquisition of the 1954 Ford prior to the accident. Neither insurance company received any request prior to the accident to amend its policy to show the 1954 Ford as a replacement automobile.

Both insurance policies were offered in evidence and they show that the policy periods in each are six months.

It is alleged in the complaint and admitted by all answering defendants that Joe Neeley Orr, John Franklin Mullis and the administratrix of Anson Wayne Porter, deceased, have severally instituted suits against Will Shaffer and Ralph Neal Shaffer to recover damages for alleged injuries received in the accident of 11 August, 1957. They allege that the negligence of the Shaffers was the proximate cause of the accident and said injuries (wrongful death in the case of Porter).

Upon undisputed evidence the court found that the Nationwide policy had been issued under a "Class 1-B" rating and the premiums had been paid on that basis. The rating as set out in Endorsement 281L is as follows:

"Class 1B means:

(a) the automobile is customarily used in the course of driving to or from work and the distance driven is less than ten road miles one-way and

(b) The Named Insured is not a male operator of the automobile under 25 years of age, and there is no male operator of the automobile under 25 years of age resident in the same household as the Named Insured or employed as a chauffeur of the automobile, and

(c) the use of the automobile is not required by or customarily involved in the occupational duties of any person."

Other factual considerations and findings of fact necessary to a decision are set out and discussed in the opinion.

Upon the stipulations and findings of fact the court entered judgment as follows:

"IT IS ORDERED, ADJUDGED, DECREED, AND DE-CLARED:

"1. State Farm Mutual Automobile Insurance Company has no obligation to Will Shaffer or Ralph Neal Shaffer or either of them to defend the Civil actions commenced against such persons by John Franklin Mullis, Joe Neal Orr, and Lois Orr Porter or to pay all or any part of any judgment which may be rendered in any of the said suits and neither Will Shaffer nor any other party to this action or person bound by this Judgment has any claim, existing or potential against State Farm Mutual Automobile Insurance Company by virtue of its policy No. 319692-F31-33 arising out of or attributable to the collision in which Ralph Neal Shaffer was involved on August 11, 1957.

"2. The defendant Nationwide Mutual Insurance Company is obligated to Will Shaffer and all other persons claiming under or through him by virtue of such defendant's policy of insurance No. 61-766544 according to the terms of its said policy with respect to the use of that certain 1954 Ford, Motor No. U4NT113163, by Ralph Neal Shaffer on August 11, 1957, and the collision in which the said Ralph Neal Shaffer was involved on such date in the course of his use thereof and all claims, demands, and suits arising therefrom in the same manner and to the same extent as though said 1954 Ford had been described in that policy; provided that this Judgment shall not be deemed to preclude or bar any defense arising out of matters or conduct occurring subsequent to this judgment to the said Nationwide Mutual Insurance Company under the terms of that policy and the law of the State of North Carolina."

From the foregoing judgment defendant Nationwide appeals, assigning error.

*Clyde L. Stancil; Kennedy, Covington, Lobdell & Hickman for defendant Nationwide Mutual Insurance Company, appellant.*

*Winfred R. Ervin for defendants John Franklin Mullis, Joe Neeley Orr, and Lois Orr Porter, Administratrix of the Estate of Ranson Wayne Porter, Deceased, appellees.*

*Carpenter & Webb for plaintiff, appellee.*

MOORE, J. The question for determination here is: Was there coverage under either of the policies with respect to the accident of 11 August, 1957?

The appellant, Nationwide, requested the Judge to find in substance as follows:

That the 1954 Ford acquired 27 July, 1957, replaced the State Farm Ford, which up to the time of the replacement had been principally used by Ralph Neal Shaffer; that the 1954 Ford after its acquisition was used in the same manner and for the same purposes by Ralph Neal Shaffer as he had previously used the State Farm Ford; that the 1954 Ford did not replace the Nationwide Ford, which was principally used by Will Shaffer prior to the acquisition of the 1954 Ford; that the 1954 Ford was not used by Will Shaffer in the same manner he had used the Nationwide Ford, but that after the acquisition of the 1954 Ford the State Farm Ford was used by Will Shaffer; that Ralph Neal Shaffer was the owner of the 1954 Ford.

With respect to these matters the court found as a fact that Will Shaffer was the sole owner of the 1954 Ford and owner of all the vehicles described from time to time in the policies of State Farm and Nationwide; that after February, 1956, Will Shaffer did not own more than two automobiles at any one time; that the 1954 Ford and all the vehicles named in the policies from time to time were under the personal control of Will Shaffer as to their manner, method and time of use, and such use of said vehicles as was made by Ralph Neal Shaffer was with the permission of Will Shaffer, including the use of the 1954 Ford at the time of the accident; and that the 1954 Ford did not replace the State Farm Ford but did replace the Nationwide Ford.

The evidence was sharply conflicting and there were glaring contradictions in the pleadings, statements and testimony of Will Shaffer and Ralph Neal Shaffer. There was competent evidence to support the request of Nationwide for findings and competent evidence to support the court's findings of fact. "Where facts are found by the court, if supported by competent evidence, such findings are as conclusive as the verdict of a jury." *Goldsboro v. R. R.,* 246 N.C. 101, 107, 97 S.E. 2d 486, and cases there cited.

Notwithstanding the findings of fact, it may be conceded that Ralph Neal Shaffer as a rule used the better of the two cars owned by his father — the Nationwide car prior to the purchase of the 1954 Ford, and the 1954 Ford after its acquisition. On occasions the Shaffers used the cars interchangeably. This Court is not a fact-finding body, but the foregoing facts are assumed to be true so far as this opinion is concerned.

The policy by Nationwide provides coverage for a "newly acquired automobile." A newly acquired automobile is defined by the policy to mean "an automobile ownership of which is *acquired* by the named

insured . . . if it *replaces* an automobile owned by (named insured) and covered by this policy . . ." (Emphasis and parentheses ours).

The policy issued by State Farm provides coverage for an "automobile . . . ownership of . . . which is *acquired* by the named insured during the policy period, provided it *replaces* a described automobile . . ." (Emphasis ours).

In this case the question of notice of replacement does not arise.

The appellant insists that the question as to which automobile, if either, was replaced by the 1954 Ford is one of fact to be gathered from the intent and acts of the insured and his son. We hold that it is a mixed question of law and fact. The trial court has found the facts and his findings are binding on this Court. *Bizzell v. Bizzell*, 247 N.C. 590, 101 S.E. 2d 668. The interpretation of the policy provisions, in the light of the facts found, is a matter of law for the court, and in construing the contract its unambiguous terms are to be taken in their plain, ordinary and popular sense. *Stanback v. Insurance Co.*, 220 N.C. 494, 17 S.E. 2d 666.

The exact question involved here has not previously been decided by this Court. It will be observed that both policies of insurance in this case provide that a replacement automobile must be *acquired* and *replace* an automobile owned by the insured and covered by the policy.

In a Kentucky case the insurer issued a liability policy on a Studebaker. At that time the insured owned a Ford which was not covered by the policy. The Ford had no motor in it at the time. Later the insured put a new motor in the Ford, after which time the Studebaker quit running and was never operated again. Insured then used the Ford and had an accident in which three persons were injured. He immediately notified the insurer of the accident. The Court held that there was no coverage on the Ford. While there was a question of notice of replacement involved, the Court said: "In this instance appellant's Ford car was not 'newly acquired' but was owned by him long before he took out insurance on the Studebaker. . . . (C)ertainly it was within the contemplation of the parties that the replacement must be a car the insured would acquire in the future and not one he owned at the time the policy was issued to him." *Brown v. Insurance Co.* (Ky. 1957), 306 S.W. 2d 836.

In *Insurance Co. v. Produce Co.* (M.D. Tenn. 1940), 42 F. Supp. 31, insured purchased a truck and obtained liability coverage at the time of the purchase. The truck was excluded from a renewal policy because it was not in operating condition. It was placed back in service as a replacement for an insured truck withdrawn from service, and was involved in an accident in which four persons were killed and one

injured. The Court held that there was no coverage. The Court said: "The Court is of the opinion that the International Tractor not being a newly acquired automobile, was not covered under the automatic clause in the policy, . . . (A)nd that by reason of the fact that the ownership of the International tractor . . . was not newly acquired ownership, within the contemplation of the automatic clause in the policy, that clause did not operate to place said International tractor within the terms and provisions of the policy in question, and hence that clause did not apply to the International tractor."

In *Insurance Co. v. Wilson* (Okla. 1952), 251 P. 2d 175, the insured obtained liability coverage on a 1947 Chevrolet truck. At that time he owned also a 1948 Chevrolet truck which was not covered. The 1948 Chevrolet truck was involved in an accident. At the time of the accident the 1947 truck was not in use. In a per curiam opinion the Court held that, since insured owned the 1948 truck at the time the policy was issued on the 1947 truck, it could not have been a newly acquired vehicle under the terms of the policy.

In substantial accord are: *Howe v. Crumley Co.* (Ohio, 1944), 57 N.E. 2d 415; *Mitcham v. Indemnity Co.* (C.C.A. 4th, 1942), 127 F. 2d 27; *Insurance Co. v. Nelson* (Wash. 1957), 306 P. 2d 201; *Lease Co. v. Insurance Co.* (Utah 1958), 325 P. 2d 264.

Appellant cites *Casualty Co. v. Lambert* (N.H. 1940), 11 A. 2d 361. We do not agree that this case supports appellant's position. In this case the insured car was worn out, but still in the possession of the insured. He purchased another car to replace it. Here the Court held that there was a replacement. This case seems to support the decisions above cited. If not, we are not disposed to adopt it as authority in this case.

It is our opinion that the replacement vehicle is one the ownership of which has been acquired after the issuance of the policy and during the policy period, and it must replace the car described in the policy, which must be disposed of or be incapable of further service at the time of the replacement. *Casualty Co. v. Lambert, supra.* We hold that the State Farm Ford could not be a replacement for the Nationwide Ford. At the beginning of the policy period of the Nationwide policy Shaffer owned both automobiles. On 11 August, 1957, date of the accident, the State Farm Ford was still owned by Shaffer and under his control, in operating condition and being driven by him and his son. It was then covered by the State Farm policy. Therefore the 1954 Ford could not replace the State Farm Ford, since Shaffer still retained the State Farm Ford in operable condition.

The 1954 Ford was a newly acquired automobile. It was purchased

by Will Shaffer on 27 July, 1957. The Nationwide Ford was used as a "trade in" on the 1954 Ford, and was replaced by the 1954 Ford.

In *Kaczmarck v. La Perriere* (Mich. 1953), 60 N.W. 2d 327, insured on 23 August, 1947, secured liability coverage on a Packard for one year. On 18 November, 1947, he traded the Packard for an Oldsmobile but never attempted to make the insurance cover the Oldsmobile. On 22 June, 1948, insured traded the Oldsmobile for a Pontiac and asked for transfer of coverage. The Pontiac was in an accident on 8 July, 1948. The Court held that the Pontiac replaced the Packard notwithstanding the intervening of the Oldsmobile between the two.

The obligation of Nationwide in the instant case is the same as if the 1954 Ford had been described in its policy.

The fact that the premium was paid under a 1-B rating does not affect its obligation under the policy. In *Varble v. Stanley* (Mo.), 306 S.W. 2d 662, 665, it was said: "If the insurer intended to exclude or limit its liability in instances of operation by a male member of the household under twenty-five years of age, it could and should have said so in plain and explicit language. And we will not adopt a construction which will imply such exclusion from language which would amount to the planting of a forfeiture in ambush." A 2-A rating does not confer upon the driver any additional right or extend the coverage of the policy in any way. *Farmer v. Casualty Co.* (C.C.A. 4th 1957), 249 F. 2d 185.

Appellant made 31 assignments of error. We have carefully examined and considered each of them. No prejudicial error has been made to appear. When parties waive a jury trial "the rules of evidence as to admission and exclusion are not so strictly enforced as in a jury trial. . . . (I)t is presumed that incompetent evidence was disregarded by the Court in making up its decision." *Bizzell v. Bizzell, supra.* As we have already stated, the findings of fact by Judge Froneberger are supported by competent evidence. Proper principles of law have been applied by the Judge.

Affirmed.