TATE, Judge.
This suit is against the liability insurer of a motor vehicle involved in an accident. The defendant insurer appeals from judgment awarding damages of $1,500 to the plaintiff Kliebert as administrator of the estate of his minor son, Bobby, for personal injuries sustained by this boy as a result of the accident.
The accident upon which this suit is based occurred on May 6, 1956. It involved a Ford automobile owned by the plaintiff, upon which the defendant insurer had issued to the plaintiff a policy of liability insurance. At the time of the accident, the plaintiff’s 16-year old son, Larry, was driving the vehicle; and plaintiff’s other child, Bobby, then aged 14, was riding as passenger. Larry lost control of the vehicle when a dog ran into his path, as a result of which the Ford skidded into a ditch and Bobby sustained the injuries for which recovery is presently sought on his behalf by his father.
The principal issue raised by the defendant insurer’s appeal is, was the operation of the insured vehicle covered by its liability insurance contract when driven by a driver under 25 years of age? Although the accident happened during the term of the policy, because of the policy’s classification (“Non-business * * * No driver under 25 years”), the defendant insurer denies coverage on the ground that the vehicle at the time of the accident was being driven by a 16-year old son of the insured who did not possess a driver’s license but who had been permitted for about a year by his parents to drive the car on country roads.
The insuring contract was a standard liability policy obligating the insurer to pay on behalf of the insured all sums which the insured should, within the term of the policy, become legally obligated to pay as damages for personal injuries arising out of the ownership, maintenance or use of the automobile insured. Under the “Declarations” of the policy, as Item 5, is included the statement: “The purposes for which the automobile is to be used are * * * Non-Business Class 1, No driver under 25 years.” This declaration is explained by an attached rider entitled “Private Passenger Automobile Classifications (Rating Information)”, which states that “The automobile is classified Class 1 * * * on the basis of the company’s information when the policy is written” and which further states that “Class 1 means * * * there is no operator of the automobile under 25 years of age resident in the named insured’s household or employed as a chauffeur of the automobile.”
The declaration and rider referred to are not a part of any application by the insured, and the former is signed only by the local agency representing the insured. The insured and his wife testified, without contradiction by (but rather corroborated by) the local agent who sold them the policy, that the information that there was no driver under 25 years in their household did not result from any misrepresentation upon their part, but was merely a notation made by the insurance agent on the basis of his own assumed knowledge of *547 their family status. (When the policy was first taken out through the agent in 1952, the boys were eleven and nine respectively. Renewals were made by mail each year, without discussion as to the family status.)
We affirm the District Court’s holding that the insurance policy covered liability for injuries resulting even when the car was being driven by a driver under 25 years of age resident in the household. We do not think that the coverage of the policy stated by the insuring clauses, subject to no applicable exception or exclusion in the body of the policy, is defeated because of the mistaken classification for rating purposes of the policy by the agent of the defendant insurer.
As stated by the first reported case concerning the question, Varble v. Stanley, Mo. App.1957, 306 S.W.2d 662, in rejecting identical contentions made by the insurer therein: “The sheet on its face is shown to be the insurer’s own classification made for the purpose of fixing rates * * *. It does not contain a provision that the lia-bilty is excluded if a male operator (or a female operator, for that matter) who is under a certain age shall drive the car”. 306 S.W.2d 664. In accord with such holding, and with our holding herein, is the decision of the Supreme Court of North Carolina in the only other reported opinion we could find concerning the question, State Farm Mutual Automobile Ins. Co. v. Shaffer, 1959, 250 N.C. 45, 108 S.E.2d 49.
The cases cited by the defendant-appellant (such as Phillips v. New Amsterdam Cas. Co., 193 La. 314, 190 So. 565, 566) are not pertinent to the present question. They concern instances where specific and unambiguous exclusions or restrictions, which clearly and specifically limited the coverage of the insuring clause, were held to be applicable and therefore to relieve the insurers of liability in such instances.
The remaining contentions of the appellant insurer do not require extended comment.
The plaintiff’s petition alleges that a dog ran across the road and the driver of the automobile then lost control of it, causing the automobile to leave the road and overturn. Based upon the circumstance that the allegation did not specifically allege any fault or negligence on the part of the driver, able counsel for the defendant insurer objected at the trial to any testimony attempting to prove negligence on the part of the driver, urging that such testimony would enlarge the pleadings.
 The facts alleged and the proof of them at the trial show that the insured driver’s negligent control of his vehicle was a proximate cause of the accident and the resultant injuries. It is not sacramental that the pleadings specifically characterize the alleged facts as negligent or include a legal conclusion that such negligence was a proximate cause of the injuries for which recovery is sought. “While it is customary and proper to characterize as negligence the act or omission relied on as negligence, it is not necessary to do so where the facts alleged show a breach of duty, or constitute, or warrant an inference of, negligence,” 65 C.J.S. Negligence § 187b, p. 887. Meadows v. Preferred Acc. Ins. Co., La.App. 2 Cir., 49 So.2d 765; Olivier v. Lancaster, Orleans No. 8788; Vila v. Automobile Service Co., Orleans No. 8180.
We likewise find untenable the appellant’s contention that the plaintiff’s recovery is barred because he was con-tributorily negligent in authorizing his minor son to operate his vehicle without a driver’s license in violation of LSA-R.S. 32:417. Not only does the record fail to reflect any causal connection between such violation of the statute and the accident in question (McNeely v. United States Fidelity & Guaranty Co., La.App. 2 Cir., 69 So.2d 600), but also contributory negligence on the part of a parent cannot be imputed to the child so as to defeat recovery on the latter’s behalf (Bergeron v. Houston-American Ins. Co., LaApp. 1 Cir., 98 So.2d 723).
*548 Finally, the appellant-insurer contends that the award of $1,500 for the minor’s injuries is excessive. As a result of the injuries, the minor sustained shock and severe pain at the time of the accident; severe lacerations of the face, sufficiently deep and extensive so as to require seven stitches; contusions and bruises over his chest and body; was kept in bed for a week after the accident; and suffered soreness and headaches for several weeks. Fortunately, the only residual effects of the accident are very slight and almost imperceptible scars on the forehead and down the side of the nose. The award is certainly not excessive. Carlisle v. Parish of East Baton Rouge, La.App. 1 Cir., 114 So.2d 62; Distefano v. Delta Fire & Cas. Co., La.App. 1 Cir., 98 So.2d 310.
For the foregoing reason's, the judgment of the trial court is
Affirmed.