430 P.2d 766

**Joe V. MARQUEZ, Defendant and Third-Party Plaintiff-Appellee,**

v.

**DAIRYLAND MUTUAL INSURANCE COMPANY, a Wisconsin Corporation, Third-Party Defendant-Appellant.**

No. 8336.

Supreme Court of New Mexico.

July 31, 1967.

Farlow & Duffey, Albuquerque, for appellant.

Hannett, Hannett & Cornish, H. Vern Payne, Albuquerque, for appellee.

OPINION

OMAN, Judge, Court of Appeals.

This cause is before us on appeal from a judgment in favor of the third party plaintiff, hereinafter called plaintiff, upon a claim against the third party defendant, hereinafter called defendant, under a policy of automobile insurance issued by defendant to plaintiff.

The policy of insurance, a copy of which was attached to plaintiff's third party complaint as an exhibit thereto and as a part thereof, covered a 1956 Chevrolet automobile. The policy period, as expressly provided by the policy, became effective as of 12:01 A.M. on January 14, 1965 and continued to April 14, 1965.

In plaintiff's opening statement, made at the separate trial on the issues tendered by

the third party complaint and answer thereto, it was stated:

"MR PAYNE: * * * We will introduce testimony to the effect that the insurance policy was in fact in force, and I believe we will probably stipulate that it did go into effect at 12:01 A.M. on the day of the accident.

"THE COURT: The policy became effective on the day of the accident?

"MR PAYNE: Yes, your Honor.

"THE COURT: At 12:01 A.M.

"MR PAYNE: And the accident occurred that night. The question involved here is whether or not the policy covers this particular accident inasmuch as Mr. Marquez was driving an automobile other than the automobile described in the insurance policy. * * *"

As part of defendant's opening statement the following was stated and stipulated to:

"MR. FARLOW: Your Honor, there's parts of the opening statement I can agree to. The policy was in effect on the 14th of January, 12:01 A.M. The policy that is attached to the complaint is the policy we issued, and I think we can stipulate that that was the policy.

"MR. PAYNE: We will so stipulate."

The trial court found that the policy was issued by defendant and that " * * * said insurance policy became effective at 12:01 A.M. January 14, 1965, and provided for liability coverage until April 14, 1965."

The court also found:

"11. In the latter part of December or the early part of January, the 1956 Chevrolet owned by Joe V. Marquez at the time of the original insurance application with Dairyland Mutual Insurance Company, became inoperable and Joe V. Marquez was required to borrow other automobiles to fulfill his job responsibilities.

"12. In January, 1965, prior to the effective date of the insurance contract, Joe V. Marquez purchased from his father, Joe I. Marquez, a Ford automobile for use in his business as well as for his private use.

"13. At no time after the purchase of the Ford automobile by Joe V. Marquez was the 1956 Chevrolet ever operable or used by Joe V. Marquez either for business or pleasure.

*   *   *   *   *   *

"15. On January 14, 1965, at about 8:00 o'clock p. m., Joe V. Marquez, while driving his recently acquired Ford automobile, was involved in an accident with a Rambler autombile in which Brenda Marie Epps was riding. Said accident resulted in the death of Brenda Marie Epps."

The court concluded:

"4. That under the provisions of the insurance policy issued by Dairyland Mutual Insurance Company to Joe V. Marquez, Paragraph IV Subparagraph (a) (4), the Ford automobile used by Joe V. Marquez and involved in the accident resulting in the death of Brenda Marie Epps, was an automobile within the meaning of the contract and was covered by the insurance provided in the contract."

Although defendant has asserted four separate points relied upon for reversal, and the parties have presented arguments in support of their respective positions regarding the correctness of some of the court's findings and conclusions other than those above-quoted, we are of the opinion that this appeal turns entirely upon one question, to wit: Was the Ford automobile, which had been purchased and was owned by plaintiff prior to the effective date of the policy, covered under the policy as a newly acquired automobile pursuant to the provisions of insuring agreement IV (a) (4), as concluded by the trial court? This particular insuring agreement, insofar as here applicable, is as follows:

"(a) Automobile. Except with respect to Coverage C-2 and where stated to the contrary, the word 'Automobile' means:

*   *   *   *   *   *

"(4) Newly Acquired Automobile—an automobile, ownership of which is acquired by the named Insured * * * if (i) it replaces an automobile owned by [the named insured] and covered by this policy. * * * "

Plaintiff is the named insured. The policy coverages with which we are here involved are those other than C–2. Defendant was notified of the accident on January 15, 1965, and was notified of plaintiff's ownership of the Ford automobile shortly after the accident and within thirty days of the acquisition thereof by plaintiff.

We have never had occasion to pass upon the question of whether or not a newly acquired automobile clause, such as that here involved, embraces an automobile acquired by an insured before the effective date of the policy, and which said newly acquired automobile replaces an automobile covered by the policy. Here there is no question but what the Chevrolet was replaced by the Ford, and that the Ford was acquired by the plaintiff before the effective date of the policy.

Courts which have passed upon this question have taken directly opposite views. We find only two cases which have held that a vehicle acquired prior to the effective date of the policy is covered by the newly acquired vehicle provision. National Indemn. Co. v. Giampapa, 65 Wash.2d 627, 399 P.2d 81 (1965); Boston Ins. Co. v. Smith, 149 So.2d 68 (Fla.App.1963).

In the Washington case the newly acquired automobile provision, insofar as it was there concerned, is identical with the provision in the policy involved in the present case. However, as pointed out in the dissent, which was concurred in by three of the justices, the only case which was cited by the majority and which is directly in point, is the Florida case cited above.

The decision in the Florida case was issued by the First District Court of Appeals of that State, and is a two to one decision. In Coleman v. Atlantic Nat. Ins.

Co., 166 So.2d 620. (Fla.App.1964), decided by the Third District Court of Appeals the following year, a directly opposite result was reached, and the prior case of the First District was not even noted. In the Coleman case the policy provision was identical with that with which we are here concerned, and the court stated:

" * * * We hold that when an insured receives a policy which describes but one of his automobiles [then owned by him] the liability under said policy is limited to the vehicle described therein. A different situation is present when an insured secures an additional automobile [or a replacement or substitution automobile] after the issuance of a policy * * * ."

The following cases have also held that a newly acquired automobile provision in a policy of insurance does not cover another automobile owned by the insured prior to the time the policy becomes effective, but which is not described therein. State Farm Mut. Auto. Ins. Co. v. Shaffer, 250 N.C. 45, 108 S.E.2d 49 (1959); Brown v. State Farm Mut. Auto. Ins. Co., 306 S.W.2d 836 (Ky.1957); Utilities Ins. Co. v. Wilson, 207 Okl. 574, 251 P.2d 175 (1952); Howe v. Crumley, Jones & Crumley Co., 57 N.E.2d 415, Ohio App., 44 Ohio L.Abs. 115 (1944); Commercial Standard Ins. Co. v. Central Produce Co., 42 F.Supp. 31 (M.D.Tenn.1940), aff'd. per curiam; 122 F.2d 1021 (6th Cir. 1941). See also Lynam v. Employers' Liab. Assur. Corp., 218 F.Supp. 383 (D.Del.1963); Annot., 34 A.L.R.2d 936, 940 (1954); 12 Couch, Insurance § 45:193 (2d ed. 1964).

As stated in Couch:

"An automobile does not come within the newly acquired replacement automobile coverage unless it is acquired after the policy is issued. Otherwise stated, a newly acquired vehicle clause is by definition restricted to a vehicle thereafter acquired; as it could not have the status of a newly acquired vehicle if owned at the time the insurance on another vehicle of the insured is procured even though it

could not be run at that time because it had no motor.

"In addition to being acquired after the making of a contract of insurance, it is of course necessary that it be acquired during the policy period."

We agree with the majority of the courts which have passed upon the question, and with the language just quoted from Couch.

As stated above, we have considered all the questions and arguments urged upon us by the parties, but find our answer to the one stated problem determinative of this appeal.

It follows from what has been said that the judgment of the trial court must be reversed with directions to set the same aside and to enter a judgment dismissing the plaintiff's third party complaint.

It is so ordered.

NOBLE and COMPTON, JJ., concur.