**Carroll R. ROGERS, Appellant,**

v.

**TRINITY UNIVERSAL INSURANCE COMPANY, Appellee.**

No. 4521.

Court of Civil Appeals of Texas, Eastland.

Feb. 11, 1972.

Jackson & Jackson, Randall C. Jackson, Abilene, for appellant.

McMahon, Smart, Sprain, Wilson & Camp, Stephen H. Suttle, Abilene, for appellee.

McCLOUD, Chief Justice.

Carroll R. Rogers sued Trinity Universal Insurance Company for damages to an automobile alleging that the automobile was insured under a family automobile insurance policy issued to Rogers by Trinity. The trial was before the court without a jury. The trial court concluded that the automobile in question was not insured under the policy and rendered judgment for Trinity Universal Insurance Company. Carroll R. Rogers has appealed. We affirm.

The facts are not disputed. On or about November 15, 1968, appellant, Carroll R.

Rogers, who was in the car leasing business, purchased the automobile in question. In March 1969, the automobile was leased to Don Hughes on a twelve months lease. Neither Hughes nor Rogers insured the automobile at that time. On July 15, 1969, Rogers obtained the family automobile insurance policy in question from Trinity. Three automobiles were described as "owned automobiles" in the policy. The automobile in question was not described. In August 1969, Rogers took possession of the automobile in question and parked it for further sale or lease. On or about September 12, 1969, Rogers leased one of the automobiles described in the policy and started using the automobile in question. Two days later on September 14, 1969, the automobile in question was wrecked.

The trial court interpreted the policy to provide coverage for an automobile described in the policy, and an automobile, ownership of which was acquired by Rogers during the policy period, provided it replaced an automobile described in the policy. The court concluded that the automobile was not insured under the policy issued by appellee since the automobile in question was not described in the policy and Rogers acquired ownership, both legal and equitable, of such automobile long before the policy was issued.

The policy stated that an "owned automobile" means:

"(a) a private passenger, farm or utility automobile described in this policy for which a specific premium charge indicates that coverage is afforded, . . .

(c) a private passenger, farm or utility automobile *ownership of which is acquired by the named insured during the policy period*, provided

(1) it replaces an owned automobile as defined in (a) above, . . ." (Emphasis added.)

Appellant does not contend that the subject automobile was ever described in the policy. Appellant does not contend that

ownership of the automobile was acquired during the policy period. Appellant says that although the automobile was owned by him on July 15, 1969, the inception date of the policy, it was not in his control or possession because it was at that time leased to Hughes. Appellant argues that after he repossessed the automobile, and gained control and possession, it replaced an automobile described in the policy and should be insured under the policy.

The purpose for holding that a vehicle owned by an insured before the policy period commences, is not newly acquired during the policy period, is expressed in Mahaffey v. State Farm Mutual Automobile Insurance Company, 175 So.2d 905 (La.Ct.App.1965):

"The obvious purpose of the provision regarding 'newly acquired automobiles' is to provide automatic coverage, without even the necessity of notice to the insurer, for an automobile acquired by the named insured during the policy period to replace a vehicle covered by the policy. But this provision was not intended to cover another automobile owned by the insured at the time the policy issued and used to replace the described vehicle. To hold otherwise, in a situation like the present, would permit an assured with a number of vehicles, some in operating condition and some in need of repair, to put them in and out of service, contending that all are covered by the policies, when in fact no premiums are being paid for some of them. This may be possible under a fleet policy, but not under these separate policies."

The majority of the courts have held, when confronted with this question, that an automobile owned by an insured before the policy period is not newly acquired for replacement purposes. Marquez v. Dairyland Mutual Insurance Company, 78 N.M. 269, 430 P.2d 766 (1967); Utilities Insurance Company v. Wilson, 207 Okl. 574, 251 P.2d 175 (1952); Brown v. State Farm Mutual Automobile Insurance Company, 306

S.W.2d 836 (Ct.App.Ky.1957); Howe v. Crumley, Jones & Crumley Co., 57 N.E.2d 415 (Ct.App.Ohio 1944); State Farm Mutual Automobile Insurance Company v. Shaffer, 250 N.C. 45, 108 S.E.2d 49 (1959); Coleman v. Atlantic National Insurance Company, 166 So.2d 620 (Ct.App.Fla.1964); Commercial Standard Insurance Company v. Central Produce Company, 42 F.Supp. 31 (D.Ct.Tenn.1940) aff'd 6th Cir., 122 F.2d 1021.

The Court in Providence Washington Insurance Company v. Hawkins, 340 S.W.2d 874 (Tex.Civ.App.1960, no writ) followed the rule announced by the cases cited above. The Court said: "A vehicle already owned by insured before the policy was issued is not 'newly acquired' under the provision."

The applicable rule is stated as follows in 12 Couch On Insurance 2d, Sec. 45:193:

"An automobile does not come within the newly acquired replacement automobile coverage unless it is acquired after the policy is issued. Otherwise stated, a newly acquired vehicle clause is by definition restricted to a vehicle thereafter acquired, as it could not have the status of a newly acquired vehicle if owned at the time the insurance on another vehicle of the insured is procured even though it could not be run at that time because it had no motor.

In addition to being acquired after the making of a contract of insurance, it is of course necessary that it be acquired during the policy period."

We think the provision of the policy in question is clear and unambiguous. The policy should be construed just as any other contract. We think the proper rules of construction to be applied are discussed in Travelers Insurance Company v. Chicago Bridge & Iron Company, 442 S.W.2d 888 (Tex.Civ.App.1969, writ ref. n. r. e.) wherein the Court said:

"Words used in an insurance contract are to be given their plain, ordinary, and generally accepted meaning unless consideration of the instrument itself shows them to have been used in a different sense. Western Reserve Life Ins. Co. v. Meadows, 152 Tex. 559, 261 S.W.2d 554 (1953). The rule of liberal construction in favor of the insured applies only when the contract is ambiguous and susceptible of more than one interpretation. Transport Ins. Co. v. Standard Oil Company of Texas, 161 Tex. 93, 337 S.W.2d 284 (1960). The contract must be enforced as made if the language used is plain and unambiguous. Home Ins. Co., New York v. Rose, 152 Tex. 222, 255 S.W.2d 861 (1953)."

Ownership of the automobile in question was acquired by appellant long before the effective date of the policy. The fact that it was leased to Hughes does not change the fact that it was owned by appellant. The policy clearly provides that an "owned automobile" means an automobile "ownership of which is acquired by the named insured during the policy period" provided it replaces an automobile listed in the policy. Since ownership of the automobile in question was acquired by appellant before the effective date of the policy and not during the policy period we hold that the automobile was not insured by the policy issued by appellee.

We have considered all of appellant's points of error and all are overruled. The judgment of the trial court is affirmed.