PONDER, Judge.
Third party plaintiff, Leasing Services, Inc., has appealed from the judgment that granted a motion for summary judgment of dismissal made by third party defendant, Aetna Casualty & Surety Company, and denied its own motion for summary judgment for a declaration that Aetna affords Leasing Services, Inc., both insurance coverage and a duty to defend against a claim for damages brought by plaintiff.
The issue is the coverage of an insurance policy issued by Aetna to Leasing Services, Inc. We affirm.
Leasing Services, Inc. purchased a truck in 1975. After having installed a steel platform, beginning in 1976, it leased the truck to Thomas H. Heard, General Contractor, Inc. The Aetna Casualty & Surety Company issued an insurance policy to Leasing Services, Inc., with a term of December 2, *308 1977 to December 2, 1978. The truck here involved was not listed among the eight vehicles entered on an automobile schedule made a part of the policy. Plaintiff, Milton Marshall, a mechanic employed by Thomas H. Heard, was injured on August 31, 1978, when the dump bed fell on him while he was working on the truck.
The relevant insuring agreement reads as follows:
1. Bodily Injury Liability Coverage
Property Damage Liability Coverage The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use, including loading and unloading, for the purposes stated as applicable thereto in the declarations, or an owned automobile or of a temporary substitute automobile, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company’s liability has been exhausted by payment of judgments or settlements.
“Owned automobile” is defined as:
“... either
(a) an automobile which is owned by the named insured and described in the declarations; or
(b) an automobile ownership of which is newly acquired by the named insured during the policy period, provided
(i) it replaces an owned automobile as defined in (a) above, or
(ii) the company insures all automobiles owned by the named insured on the date of such acquisition and the named insured notifies the company within 30 days thereafter of his election to make this and no other policy issued by the company applicable to such automobile and pays any additional premium required therefor; * * * ”
Admittedly, the truck was not newly acquired during the policy period and was not listed as required by (a).
Appellant contends, nevertheless, that the truck is covered because of the provisions of a policy endorsement containing the following:
“The insurance afforded is only with respect to such of the following Coverages as are indicated by specific premium charge or charges and, under each such Coverage, applies only to such licensed owned automobiles or types thereof as are so indicated, by description or other entry, herein for that purpose.

“It is agreed that the insurance with respect to owned automobiles and to temporary substitute automobiles applies to licensed owned automobiles which are designated (by description or otherwise) in the Schedule as subject to this endorsement, and to a temporary substitute automobile therefor, * *
There is no list of automobiles on this endorsement which, however, does contain the word “Incl.” six times and is in that portion of a bulky policy dealing with automobiles and is separated from the schedule of eight vehicles mentioned above by provisions dealing with automobile coverage.
Aetna contends, and the trial court evidently concluded, that the purpose of the endorsement relied upon by Leasing Services, Inc., was to eliminate the necessity of having to report automobiles newly acquired during the policy period but was not intended to cover and did not cover vehicles owned at the time of issuance of the policy and not disclosed on the schedule. We agree.
For these reasons, the judgment is affirmed at appellant’s cost.
AFFIRMED.