Lewis F. LAWSON, II, Tonya R. Lawson Hillis, and Linda Lawson, Plaintiffs–Appellants,

v.

TRADERS INSURANCE and Jerry Landing, Defendants– Respondents.

No. 21353.

Missouri Court of Appeals, Southern District, Division One.

June 10, 1997.

Christina L. Kime, Piedmont, for plaintiffs-appellants.

Samuel P. Spain, Poplar Bluff, for defendants-respondents.

GARRISON, Judge.

The issue in this equitable garnishment action is whether a 1976 Chevrolet Nova being operated by Defendant Jerry Landing (Landing) at the time of an automobile accident was covered as a "replacement" vehicle under the provisions of a liability insurance policy issued by Traders Insurance Company (Traders).

Landing obtained an insurance policy from Coronet Insurance Company on June 10, 1993 in which the covered auto was identified as a 1978 Ford pick-up. That policy was renewed on July 13, 1993 for three months. On October 1, 1993, prior to the expiration of that policy period, Landing purchased and licensed the 1976 Nova at issue here. He testified that the Ford pick-up had been inoperable for about a month because the transmission was bad and "the front end was tore up on it." As a result he had to ride to work with a friend and purchased the Nova in order to have transportation, although he retained ownership of the pick-up. He gave no notice, however, to his insurer that he had acquired the Nova, and did not request that it be added to the policy as a covered vehicle.

The insurance policy, still describing the Ford pick-up as the covered vehicle, was renewed on October 8, 1993 for another three months. On January 8, 1994 a policy was issued to Landing by Traders, again listing only the pick-up.[1] On February 15, 1994, while the Trader's policy was in effect, Landing was involved in an automobile accident while driving the Nova. Plaintiffs sustained damages in that accident and subsequently filed suit against Landing. Traders initially undertook to defend Landing in that suit, but subsequently denied coverage and withdrew.[2] In doing so, Traders gave as its reason that Landing had owned the Nova for four months prior to the accident, but had not requested that it be added to his policy or that it replace the vehicle listed on the policy. They concluded that it was not a "covered auto," and in support referred to the following policy provisions:

### DEFINITIONS

. . . .

J. "Your covered auto" means:

1. Any vehicle shown in the Declarations.

2. Any of the following types of vehicles on the date you become the owner:

a. a private passenger auto,. . . .

. . . .

This provision (J2) applies only if:

a. you acquire the vehicle during the policy period,

b. you ask us to insure it within 30 days after you become the owner;

. . . .

If the vehicle you acquire replaces one shown in the Declarations, it will have the same coverage as the vehicle it replaced. You must ask us to insure a replacement vehicle within 30 days only if you wish to add or continue Coverage for Damage to Your Auto.

Plaintiffs eventually obtained a judgment against Landing as follows: Lewis F. Lawson, II—$50,000; Tonya R. (Lawson) Hillis—$100,000; Linda Lawson—$5,000. When they were unable to collect those judgments, they filed this action pursuant to § 379.200 seeking an equitable garnishment of the proceeds of the Trader's policy. That suit was submitted to the court on stipulated facts, including the stipulation that if called to testify Landing would testify as he had in his deposition, which was also submitted to the court.

The trial court entered a judgment against Plaintiffs, finding that "liability coverage to [Landing] for the [accident] was excluded under the Traders policy because the 1976 Chevrolet Nova he was driving was not 'your covered auto' as defined by the policy." Plaintiffs then perfected this appeal. We affirm.

 Rule 73.01 provides the standard of review in a court tried case. Accordingly, the judgment of the trial court will be sustained by the appellate court unless there is no substantial evidence to support it, unless it is against the weight of the evidence, unless it erroneously declares the law, or unless it erroneously applies the law. *Murphy v. Carron*, 536 S.W.2d 30, 31–32 (Mo.banc 1976). Appellate courts should set aside a

---

1. The reason the insurer changed from Coronet to Traders with the issuance of the policy on January 8 is not clear from the record. The agent, however, apparently remained the same.

2. There is no issue about whether Traders waived its defense under the policy by undertaking Landing's defense.

judgment on the ground that it is against the weight of the evidence with caution and a firm belief that the judgment was wrong. *Id.* Where, as here, neither party requests findings of fact and conclusions of law, and the trial court makes none, we presume that all findings of fact were found in accord with the judgment and we uphold the judgment under any reasonable theory presented and supported by the evidence. *Kueffer v. Brown,* 879 S.W.2d 658, 661 (Mo.App. E.D. 1994).

In their first point on appeal, Plaintiffs contend that the judgment should be reversed because the evidence demonstrated that the Nova replaced the Ford pick-up, and, therefore, was covered under the policy as a replacement vehicle. That being the case, they argue that under the policy provisions, Landing was not required to give notice of the replacement within thirty days because he did not carry coverage for damage to the insured vehicle. Although Traders admits that "[t]he 30–day notice requirement does not apply if the vehicle 'replaces' the vehicle shown in the declarations," it argues that the Nova did not qualify as a "replacement" vehicle, and in any event, was not acquired during the policy period.

The policy plainly has two conditions for liability coverage on an automobile other than the one shown in the declarations, to wit: it must have been acquired during the policy period; and a request to insure it must be made within 30 days after the insured became the owner. Here, Plaintiffs contend that the Nova was a replacement auto, and the parties agree that if that is the case, the 30 day notice requirement does not apply.[3]

■ Before discussing the issue of whether the Nova constituted a replacement auto under these circumstances, it is necessary that we discuss the policy condition that an automobile other than the vehicle shown in the declarations may be a "covered auto" only if it was acquired during the policy period. Here, the Nova was acquired by Landing on October 1, 1993 while he was insured by Coronet. That policy, listing only

the Ford pick-up, was renewed on October 8, 1993 for three months. On January 8, 1994 Traders issued the policy which was in effect at the time of the accident, also listing only the pick-up. The policy period shown in that policy was January 8, 1994 through April 8, 1994. The Nova was acquired by Landing before Traders issued its policy and prior to the policy period described in its policy.

We are cited to no Missouri state court cases discussing, under circumstances similar to those here, the application of the policy requirement that in order to be a covered auto, a vehicle other than that specifically described in the policy must be acquired during the policy period, and our own research has revealed none. Other courts have denied coverage where the policy contained such a requirement, and the auto which was not listed in the policy was acquired prior to the policy period during which coverage was claimed. *Government Employees Insurance Co. v. Reilly,* 51 Md.App. 208, 441 A.2d 1139 (1982); *Lumbermens Mutual Casualty Co. v. Commercial Union Assurance* Co., 155 Ga. App. 908, 273 S.E.2d 649 (1980); *Marquez v. Dairyland Mutual Insurance Co.,* 78 N.M. 269, 430 P.2d 766 (1967); *Shipman v. Federal Mutual Insurance Co.,* 232 F.Supp. 354 (E.D.Mo.1964). *See also Hitt v. Githens,* 509 N.E.2d 210 (Ind.App. 4 Dist.1987). As stated in 12 Couch On Insurance 2d, § 45:193, in discussing coverage for replacement vehicles, "[I]n addition to being acquired after the making of a contract of insurance, it is of course necessary that it be acquired during the policy period." In *Marshall v. Beno Truck Equipment, Inc.,* 421 So.2d 307, 308 (La.App.1982), the court said that the purpose of an endorsement providing coverage for autos acquired during the policy period without requiring notice of their acquisition was to eliminate the necessity of having to report automobiles newly acquired during the policy period, but was not intended to cover unscheduled vehicles owned at the time of issuance of the policy.

The policy in question conditioned coverage for a nonscheduled auto, including a re-

---

**3.** Landing did not have coverage for damage to the Ford pick-up and apparently did not desire it on the Nova.

placement vehicle, upon the insured having acquired the vehicle during the policy period. Here, the evidence was undisputed that the Nova was acquired prior to the policy period in which coverage is claimed. Regardless of whether the Nova would, under the facts of this case, otherwise qualify as a replacement vehicle, no coverage was afforded by the clear terms of the policy. Point one is denied.

In their second point, Plaintiffs contend that if, as held by the trial court, the insurance policy in question did not cover Landing's use of the Nova, it violated public policy as evidenced by the Motor Vehicle Financial Responsibility Law, § 303.010 *et seq.* They argue that the public policy of this state, as embodied in those statutes, is to require that motor vehicle liability insurance policies provide coverage coextensive with liability.

Plaintiffs refer to § 303.190.2 which provides, in pertinent part:

2. Such owner's policy of liability insurance:

(1) Shall designate by explicit description or by appropriate reference all motor vehicles with respect to which coverage is thereby to be granted; and

(2) Shall insure the person named therein and any other person, as insured, using any such motor vehicle or motor vehicles with the express or implied permission of such named insured, against loss from the liability imposed by law for damages arising out of the ownership, maintenance or use of such motor vehicle or motor vehicles ...

Section 303.190.3, also referred to by Plaintiffs, provides, in part:

3. Such operator's policy of liability insurance shall insure the person named as insured therein against loss from the liability imposed upon him by law for damages arising out of the use by him of any motor vehicle not owned by him ...

The Nova was owned by Landing, but was not designated in the policy as a vehicle with respect to which coverage was granted. As pointed out by Traders, § 303.190 does not require that a liability policy insure the named insured for an accident occurring while he is operating a vehicle which is owned by him, but is not one for which the policy grants coverage.

"[I]f the [Motor Vehicle Financial Responsibility Law] does not require liability insurance coverage for a particular situation, a policy provision excluding that coverage is not invalid." *State Farm Fire & Cas. Co. v. Ricks*, 902 S.W.2d 323, 325 (Mo.App. E.D. 1995). Under the facts of this case, the policy was not violative of public policy in the manner argued by Plaintiffs. Point two is denied.

The judgment is affirmed.

BARNEY, P.J., and PREWITT, J., concur.