Barney McKINNEY, Appellant,

v.

CALVERT FIRE INSURANCE COMPANY, Appellee.

No. 3136.

Court of Civil Appeals of Texas.

Eastland.

Jan. 14, 1955.

Rehearing Denied Feb. 11, 1955.

See also Tex.Civ.App., 257 S.W.2d 452.

Earnest L. Langley, Hereford, for appellant.

Biggers, Baker, Lloyd & Carver, Dallas, for appellee.

LONG, Justice.

This is a suit on a fire insurance policy on a motor vehicle. At all times material, Barney McKinney was engaged in the business of transporting and selling Butane gas at Lamesa and surrounding territory and was the owner of a Studebaker truck used in connection therewith. In November, 1951, McKinney entered into negotiations with Jack McLaughlin at Hereford for the purchase of a new "GMC" truck to be used in his business. McLaughlin did not have the kind of truck McKinney desired but made arrangements for McKinney to obtain such truck from Hays-McClain at Crowell, Texas. McKinney went to Crowell and obtained possession of the "GMC" truck and drove it to Lamesa where he removed the Butane tanks from the Studebaker and placed them on the new truck. He then loaded the new truck with Butane and sent it out to make a delivery. While on this trip the "GMC" truck was destroyed by fire. McKinney brought this suit against Calvert Fire Insurance Company alleging that the truck so destroyed was covered by a policy issued by the insurance company. The case was submitted to a jury on special issues. After rendition of the verdict both sides filed motions for judgment. The court granted the motion of the insurance company and rendered judgment that McKinney take nothing, from which he has appealed.

Appellant did not pay for the "GMC" truck and did not obtain a certificate of title or any other muniment of title. The appellee makes the contention that appellant was not the owner of the truck at the time it was destroyed and could, therefore, not recover. The view we take of the case renders it unnecessary for us to pass upon this question. At the time appellant removed the tanks from the Studebaker truck and placed them on the "GMC" truck he placed the Studebaker on his lot at his place of business where it remained for several months before it was sold. Appellant admits that the policy of insurance on which this suit is based did not specifically name the "GMC" truck which was

destroyed by fire. The policy names the 1951 Studebaker truck which was in use at the time appellant obtained the new truck. Appellant seeks to recover under the "automatic insurance for newly acquired automobile" clause in the policy which is as follows:

"If the insured who is the owner of the automobile acquires ownership of another automobile and so notifies the company within 30 days following the date of its delivery to him, such insurance as is afforded by this policy applies also to such other automobile as of such delivery date:

"(a) if it replaces an automobile described in this policy, but only to the extent the insurance is applicable to the replaced automobile, * * *

*     *     *     *     *     *

"The insured shall pay any additional premium required because of the application of the insurance to such other automobile. The insurance terminates upon the replaced automobile on such delivery date."

Before appellant can recover he must show that the new "GMC" truck replaced the Studebaker truck named in the policy even though at the time of the loss appellant still retained ownership of the Studebaker. We hold that the policy on the Studebaker did not cover the "GMC" truck. The new truck did not replace the old truck under the terms of the policy. It was never contemplated that the insurance company would be liable on both vehicles at the same time. The Studebaker was still exposed to all of the risk under the policy such as theft, hail and windstorm. This was conclusively established. If loss had occurred on the Studebaker it would have been impossible for the company to show it was not still covered by the policy. Furthermore, there was a lien against the Studebaker at the time the policy was issued and the insurance was payable to the loan company as its interests might appear. This lien was outstanding at the time the "GMC" truck was destroyed by fire. Cer-

tainly, the insurance company could not defeat the rights of the loan company in the event of a loss to the Studebaker. We believe that Mitcham v. Travelers Indemnity Company, 4 Cir., 127 F.2d 27 sustains our position here. The trial court properly overruled appellant's motion for judgment and entered the only judgment that could have been entered under the facts.

The judgment is affirmed.