PROVIDENCE WASHINGTON INSUR-
ANCE COMPANY, Appellant,

v.

L. A. HAWKINS, Sr., et al., Appellees.

No. 3812.

Court of Civil Appeals of Texas.

Waco.

Nov. 23, 1960.

---

Richey, Sheehy & Teeling, Waco, for appellant.

Bradley & Geren, Groesbeck, for appellee.

WILSON, Justice.

Appellees sought recovery from appellant for fire damage to a tractor alleged to have been covered by an insurance policy issued by appellant. After a non-jury trial, judgment was rendered against appellant for the amount of the loss. Appellant's points attack the findings and conclusions filed.

The policy as issued provided insurance against loss by fire on 14 tractors specifically listed on a fleet schedule by make, model, and serial number. Appellees alleged these tractors were being used in connection with a road building contract; that one of these enumerated tractors listed on the policy and employed on the road job became disabled, and while it was in the shop for repairs, another tractor—not scheduled on the policy—was substituted on the construction job; that this unscheduled tractor sustained fire damage for which judgment was asked under the policy. Alternatively, appellees pleaded that "if said tractor was not covered by the policy by reason of said emergency, then they are entitled to have said policy reformed to include the tractor which was substituted for the disabled tractor."

The court found that the policy covered 14 tractors which were being used on road construction; that the burned tractor was substituted for the disabled tractor; that appellees' road contract required them to have 14 tractors operative on the job at all

times; that appellees stated to appellant's agent at the time the policy contract was entered into that he "wanted the 14 tractors on the job insured", and the agent assured them that they would be insured; that thereafter appellees delivered to the agent the list and serial numbers of the respective tractors; and that it was the intention of appellant and appellees "to provide a contract of insurance which covered 14 tractors to be used on the road construction job.

Conclusions of law were that "the contract and agreement provided for payment" for the loss, and that "paragraph IV of the policy (uniform Texas standard insuring agreement IV: 'automatic insurance for newly acquired automobiles') authorized replacement within 30 days, which included the tractor involved in this suit."

The policy clearly did not cover the tractor in question. It scheduled with particularity and designated those which were covered. Insuring agreement IV provided that if the insured "acquires ownership of another automobile and so notifies the company within 30 days following the date of its delivery", the insurance applied to the newly acquired vehicle as of the date of acquisition "if it replaced" an automobile described in the endorsement.

■■ The uniform provision for automatic insurance on newly acquired automobiles is not intended to provide insurance for temporary substitute vehicles. That the provision does not apply to the facts in this record is well settled. The burned tractor did not "replace" the scheduled tractor under established construction of the clause. Am. Bar Ass'n. Ins. Policy Annot. (1941) pps. 75–77; 34 A.L.R.2d 936; I.L.J., March, 1957, p. 163; 5–A Am.Jur., Secs. 84, 85, pps. 82–84; 7 Appleman, Insurance, Sec. 4293. The physical damage coverage endorsement does not contain a temporary substitute automobile clause. See 5–A Am.Jur., Sec. 87, p. 85; 34 A.L.R.2d § 15, p. 947; Service Mut. Ins. Co. of Texas v. Chambers, Tex. Civ.App., 289 S.W.2d 949, writ ref. Neither was the tractor in question "newly ac-

quired." The undisputed evidence is that appellees purchased it in 1952—seven years previously. A vehicle already owned by insured before the policy was issued is not "newly acquired" under the provision. 34 A.L.R.2d 940; McKinney v. Calvert Fire Ins. Co., Tex.Civ.App., 274 S.W.2d 891, writ ref., n. r. e., and authorities above cited.

Appellees defend the judgment on the ground that they asked for reformation of the policy to include the damaged tractor not covered by the policy. The judgment does not expressly provide for reformation, but the court concluded the "agreement of the parties provided for payment" by appellant of the loss in question. The findings of fact under the undisputed evidence will not support reformation.

Appellees' evidence was that the tractors listed in the policy "were being used on the Fred Hall job"; that they had 5 or 6 tractors located on a farm; that the policy as issued did not cover the tractors kept on the farm; that the job would be stopped if 14 tractors were not kept on the job. The tractor which burned was never listed on the policy. It was admitted that appellees "hadn't intended to include it in the policy, since it was going to be out on the farm"; that at the time they "took out this policy" they "hadn't intended to use it on the Fred Hall job at all"; and that appellees "never did request it be put on the policy before it burned up". Appellees furnished to appellant a list of the models and serial numbers of the 14 tractors to be covered. They had previously told the agent they wanted "the tractors on the Fred Hall job covered for fire and theft", and the agent told appellees the policy "would be issued where it would cover the tractors that were being used on the Fred Hall job"; and "there were five or six tractors on the farm that were not to be included." The tractor which burned was one of the latter.

It was admitted that the tractors listed in the policy at the time the policy was issued were being used on the Fred Hall job, and not the tractors being kept on the farm; and

that "the tractors listed in the policy were the ones being used or leased to Fred Hall at the time the policy was taken out". The premium attributable to each unit listed varied according to the cost or size of the vehicles. Appellees told the agent, as to the tractors being used on the farm, that they "did not want those tractors included in the policy". The farm tractor burned within a day and a half after it was placed on the job.

We believe this is an accurate and comprehensive summary of the evidence which can be said to support the judgment under familiar rules. It does not sustain the judgment, which is reversed. Judgment is here rendered for appellant.