William T. LYNAM, III, Ancillary Administrator of the Estate of William C. Bunting, Plaintiff,

v.

The EMPLOYERS' LIABILITY ASSURANCE CORPORATION, Limited, a British corporation, Defendant.

Civ. A. No. 2361.

United States District Court
D. Delaware.

April 12, 1963.

William T. Lynam, III, Wilson & Lynam, Wilmington, Del., for plaintiff.

Herbert L. Cobin, Wilmington, Del., for defendant.

RODNEY, Senior District Judge.

William T. Lynam, III, the plaintiff in the action, seeks a declaratory judgment to determine his rights as ancillary administrator of the estate of William C. Bunting. This Court is requested to determine whether the defendant, The Employers' Liability Assurance Corporation, is liable on a policy of automobile liability insurance issued to one Hunter M. Martin, in Blackstone, Virginia, on August 25, 1956. This policy insured a 1955 Chevrolet truck.

Some time after the issuance of the policy, Hunter M. Martin converted the

truck into a tractor unit which was used to tow a 1941 Baker trailer. Such use commenced after October 15, 1956 and continued thereafter until this vehicle, consisting of the converted truck and attached trailer, then operated by Franklin A. Martin with the permission of the named insured, while moving backwards, came in contact with Bunting, causing personal injuries. This accident occurred on November 29, 1956, and it had been stipulated that prior to that time the defendant was not given any notice of the change in the vehicle. Nevertheless, Martin notified his insurer of the accident, which insurer, the defendant, after investigation cancelled the policy on December 1, 1956.

On August 30, 1957, an action was filed in the Superior Court, State of Delaware, New Castle County, entitled William C. Bunting v. Franklin A. Martin and Hunter M. Martin. The plaintiff sought damages for injury sustained in the accident of November 29, 1956. Hunter M. Martin, through his attorney, notified the present defendant of the pending action and demanded that it defend. By letter of October 11, 1957, defendant notified Hunter M. Martin that at the time of the accident, his vehicle was not insured with the company. It claimed that due to the change in the equipment and a provision in the insurance policy, the tractor and trailer were not insured.

Defendant in this action did not defend and on February 7, 1961, plaintiff herein recovered a judgment in the amount of $18,000. in the Superior Court of the State of Delaware.

This action was then filed under provisions of 28 U.S.C. § 1332 (1958), plaintiff being a citizen of the State of Delaware and defendant being a corporation incorporated under the laws of Great Britain. Defendant asserts that the converted truck was not insured due to the fact that the policy in question covered a 1955 Chevrolet truck only, not a tractor. It also argues that should this Court find the tractor insured, the attachment of the trailer negated coverage under Clause IV(a) (2) and the standard trailer exclusion clause. Clause IV(a) (2) reads as follows:

"IV. Automobile Defined, Trailers, Private Passenger Automobile, Two or More Automobiles.

"(a) Automobile. Except with respect to Division 2 of Coverage C and except where stated to the contrary, the word automobile means:

"(2) Trailer—under coverages A, B and Division 1 of Coverage C, a trailer not described in this policy, if designed for use with a private passenger automobile, if not being used for business purposes with another type automobile, and under Division 1 of Coverage C if not a home, office, store, display or passenger trailer;"

The Trailer exclusion clause reads as follows:

"This policy does not apply:

"(c) under coverages A and B, while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company; or while any trailer covered by this policy is used with any automobile owned or hired by the insured and not covered by like insurance in the company;"

Plaintiff on the other hand contends that the vehicles involved in the accident were newly acquired replacements for the described vehicle and thus within the coverage afforded by Clause IV(a) (4) of the policy.

"Automobile means:

"(4) Newly Acquired Automobile—"An automobile, ownership of which is acquired by the named insured or his spouse if a resident of the same household, if (i) it replaces an automobile owned by either and covered by this policy; or the company insures all automobiles owned by the named insured and such spouse on the date

of its delivery, and (ii) the named insured or such spouse notifies the company within thirty days following such delivery date; but such notice is not required under coverages A, B and Division 1 of coverage C, if the newly acquired automobile replaces an owned automobile covered by this policy. * * * "

The first question and the one of most importance to be answered is whether the converted truck and tractor were newly acquired replacements within the terms of Clause IV(a) (4) of the policy. There is no doubt that the trailer was newly acquired, although this in itself does not automatically bring it within the policy coverage, but a more difficult question arises with regard to the truck.

The courts which have interpreted this clause in insurance policies are generally in accord with each other. The holdings are expressed very aptly in the following quotation:

> " * * * the replacement vehicle is one the ownership of which has been acquired after the issuance of the policy and during the policy period, and it must replace the car described in the policy, which must be disposed of or be incapable of further service at the time of the replacement."

State Farm Mutual Automobile Ins. Co. v. Shaffer, 250 N.C. 45, 108 S.E.2d 49, 54 (1959).

In Mitcham v. Travelers Indemnity Co., 127 F.2d 27 (C.A.4, 1942), the insured purchased a new automobile but retained title to the old vehicle which was insured. The court stated that the new vehicle was not insured under the newly acquired automobile clause because the old vehicle was in working order and still owned by the insured. There was in fact no replacement. The court distinguished the case before it from Merchant's Mutual Casualty Co. v. Lambert, 90 N.H. 507, 11 A.2d 361, 127 A.L.R. 483 (1940) by showing that coverage was extended in that case to the new vehicle due

to the fact that at the time of the purchase, the old car which was retained was not in working order. McKinney v. Calvert Fire Ins. Co., Tex.Civ.App., 274 S.W.2d 891 (1955); Maryland Indemnity & Fire Ins. Exchange v. Steers, 221 Md. 380, 157 A.2d 803 (1960).

In Providence Washington Ins. Co. v. Hawkins, Tex.Civ.App., 340 S.W.2d 874, (1960) we find stated at 876:

> "Neither was the tractor in question 'newly acquired.' The undisputed evidence is that appellees purchased it in 1952—seven years previously. A vehicle already owned by insured before the policy was issued is not 'newly acquired' under the provision [Newly Acquired Automobile Clause]."

Commercial Standard Ins. Co. v. Central Produce Co., D.C., 42 F.Supp. 31, aff'd 6 Cir., 122 F.2d 1021; Brown v. State Farm Mutual Automobile Ins. Co., Ky., 306 S.W.2d 836 (1957).

Although the above cited cases did not concern a converted vehicle, I believe that the reasoning behind them is applicable to the case at hand. The only times when a vehicle may come within the Newly Acquired Automobile Clause are (1) when a vehicle is acquired which in fact is a replacement and the owner discards the old vehicle, (2) when the old vehicle is retained but is not in working condition. The new vehicle must also be acquired after the issuance of the policy.

Applying these criteria to our facts, we must conclude that this tractor was not newly acquired. The policy was issued August 25, 1956 on a 1955 Chevrolet truck. The truck was in existence and owned by Hunter M. Martin at that time. Merely converting the truck into a tractor does not radically change the vehicle so as to say a completely different vehicle emerges. Moreover, plaintiff contends that under Virginia law Hunter M. Martin was still the owner of the same vehicle although it was converted to a tractor. The tractor, then, was in existence and owned by the plaintiff in

modified form when the policy was issued. It could not have been newly acquired. Also, plaintiff did not replace or discard the old truck. The tractor was the old truck in modified form.

The plaintiff relies very heavily upon Nationwide Mutual Insurance Co. v. Mast, 2 Storey 127, 52 Del. 127, 153 A.2d 893 (1959). In that case plaintiff insurance company issued a policy covering a truck. While the policy was in effect, insured purchased a trailer which he attached to the insured truck. However, due to dissatisfaction with the performance of the truck, he allowed it to be repossessed after he had purchased a new tractor unit. An accident occurred when the tractor-trailer unit was in use. The Court held that the tractor-trailer unit was a newly acquired automobile under a clause similar to IV(a) (4) in our case. I do not find this case as convincing as do the plaintiffs. In the Nationwide case, the tractor and trailer were actual replacements, while in our case, the tractor was not a replacement but merely a modification.

Because of the dissimilarity of the Nationwide case and because of the reasons advanced hereinbefore, I find that the tractor-trailer unit before us was not within the coverage of Clause IV(a) (4) of the policy.

■ Since I have decided that the tractor-trailer unit was not within the coverage afforded by Clause IV(a) (4) as a newly acquired vehicle, the next question to be considered is whether the converted truck was covered, and if so, what effect the trailer had upon this coverage. For the purpose of expediting matters, I am assuming without deciding that the converted truck was within the coverage of the policy.

When we inspect the provisions of the policy in toto, which is essential in order to obtain the whole meaning of the policy, we are confronted with two clauses dealing with trailers, these being IV(a) (2) and clause (c) under exclusions. The former defines which trailers are to be covered and the latter which trailers are

excluded. Reading the two together, I am led to the conclusion that commercial trailers are not within the coverage of the policy.

I have not been able to locate any cases, in which an uninsured trailer while being towed by an insured vehicle was covered under the policy, in the presence of the standard trailer exclusion clause and a clause similar to IV(a) (2) of our policy. Instead, there appears to be unanimity in the decisions and authorities that when such clauses are present, there will be no coverage in the event of an accident.

As stated in 45 C.J.S. Insurance § 834, p. 913:

"Towing trailer or vehicle. Automobile liability policies frequently provide that a loss is not covered while the automobile is being used for towing or propelling any uninsured trailer or any vehicle used as a trailer. Unless such a provision is in conflict with statutory regulations, it is reasonable and valid, and the company is not liable for an injury sustained while the automobile insured is towing a trailer or vehicle within the meaning of the exclusion clause * * *."

See also Stanley v. Reserve Ins. Co., 238 S.C. 533, 121 S.E.2d 10 (1961); 31 A.L. R.2d 298—Trailers As Affecting Automobile Insurance.

Since the plaintiff strongly argues that Virginia law applies in this case, due to the fact that the contract was executed there, the case of Welborn v. Wyatt, 175 Va. 163, 7 S.E.2d 99 (1940), is applicable. There plaintiff was injured in an accident in which the defendant's employee was driving an insured truck to which was connected an uninsured trailer. There was a standard trailer exclusion clause and the Court stated at 7 S.E.2d 100:

"At the time of the accident, there was attached to the truck a semi-trailer, used to haul lumber and logs. It was the attachment of this semi-trailer to the truck that formed the

basis for the denial of liability upon the part of the insurance company. * * * This court has repeatedly held that courts have no power to make contracts of insurance, and when it appears upon the face of the contract by clear and unambiguous language that exclusions of risks are incorporated therein, then it is the duty of the court to enforce the contract as written."

Although the plaintiff argues that the trailer exclusion clause in the policy involved in that case is different from that involved in our case, I find no material difference.

Judgment for the defendant. An order may be submitted.