435 P.2d 925

Julie F. HAYS, Guardian ad litem for Kathy Shawn Hays, Plaintiff and Respondent,

v.

Raymond Donald ROBERTSON, Defendant, State Farm Mutual Automobile Insurance Company, Garnishee and Appellant.

Mrs. Melvin SANDERS, Guardian ad litem for Paulette F. Sanders, Plaintiff and Respondent,

v.

Raymond Donald ROBERTSON, Defendant, State Farm Mutual Automobile Insurance Company, Garnishee and Appellant.

No. 10866.

Supreme Court of Utah.

Jan. 10, 1968.

---

1. 8A C.J.S. Bankruptcy § 510, at page 1061.

Strong & Hanni, L. L. Summerhays, Salt Lake City, for appellant.

Dwight L. King, Salt Lake City, for respondent.

HENRIOD, Justice.

Appeal from a judgment of the court, sitting without a jury, that Raymond Robertson, son of Mr. and Mrs. Loyd J. Robertson, was covered by an insurance policy taken out by Mr. and Mrs. Robertson, *named insureds,* where Raymond was involved in an auto accident in which plaintiffs were injured. Reversed with costs to appellants.

In about 1961, the father, Loyd J. Robertson, purchased an insurance policy from State Farm through the latter's agent, Steeneck, which insured all of Loyd's cars.

Later on his son Raymond returned from the Navy, and his father Loyd bought a 1955 car for the use of Raymond, the title to which car was in the father Loyd. Raymond was named as principal driver. Raymond wrecked the auto. Thereafter a 1962 Chevrolet pickup was purchased by father Loyd and son Raymond, with title in the latter. Father Loyd asked Steeneck, the insurance agent, to transfer the insurance from the 1955 Ford to the 1962 Chevrolet, which was done. No one told Steeneck the title was in Raymond, Steeneck didn't inquire, and father Loyd was undecided who had title. Raymond was still named as principal driver of the 1962 car incident to the transfer. Mr. and Mrs. Loyd Robertson were designated as the *named insureds*. Raymond could not make the payments and the pickup was turned over to the bank that financed it, in an effort to sell it. This proved unsuccessful, so father Loyd picked up the tab. There was no cancellation of the policy after this course of events, and it was still in force at the time of the accident, subject of this litigation.

On April 5, 1965, Raymond bought a 1958 Chevrolet *in his own name, unbeknown to his father, the named insured.* The next day he was involved in the accident which gave rise to the lawsuit here, which is based on refusal of the insurer to defend Raymond, against whom a default judgment had been taken, plaintiffs claiming he was insured under the provisions of the policy having to do with coverage of a "temporary substitute automobile" and a "newly acquired automobile" which read as follows:

Temporary substitute automobile means an automobile not owned by the named insured or his spouse while temporarily used as a substitute for the described automobile *when withdrawn from normal use because of its breakdown, repair, servicing, loss or destruction.*

A newly acquired automobile means an automobile *ownership of which is acquired by the named insured or his spouse if a resident of the same household if* (1) It replaces an automobile owned by either and covered by this policy or the company insures all automobiles owned by the named insured and said spouse on the date of its delivery. (Emphasis added.)

■ Under the facts related above it seems quite obvious that the car purchased by Raymond which was involved in the subject action was 1) not a "temporary substitute automobile" since the 1962 Chevrolet he had been driving was not withdrawn "because of its breakdown, repair, servicing, loss or destruction," but was withdrawn because he failed to make his payments thereon; and 2) was not a "newly acquired automobile" for the simple reason that it was not acquired by the

*named insureds,*—one of which Raymond was not.

One argument of the plaintiffs is that there is an ambiguity in the provisions of the policy, which, resolved against the insurer, should cover Raymond. We see no such ambiguity.

Another argument is that the insurer and insured intended that the policy, being a so-called "family policy," would cover Raymond under any and all circumstances, irrespective of ownership or named insured. But the policy does not say so, and we cannot change its terms where no language in the policy sustains such conclusion. In urging such conclusion, plaintiffs point to the case of Gen. Ins. Co. v. Western Fire & Cas. Co.,[1] as being identical to the facts of this case. That is a federal Fifth Circuit Court of Appeals case which is afield of the instant case. There the main questions were as to 1) authority of a principal's agent, 2) misrepresentation of ownership, 3) a 30-day coverage if the "named insured" notified somebody within that period, and 4) a question of excess coverage, after settlement already had with the policyholder, which case by declaratory judgment was sought to resolve differences between two insurance companies as to liability. None of these points is involved in this case, but is antithetical thereto. Simply calling the policy a "family policy" is not to ignore the provisions of the policy itself.

CROCKETT, C. J., and CALLISTER, TUCKETT, and ELLETT, JJ., concur.