**PIONEER CASUALTY COMPANY,**
**Appellant,**

v.

**Dorothy JEFFERSON et al., Appellees.**

**No. 365.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

June 17, 1970.

Rehearing Denied July 8, 1970.

Pioneer Casualty Company on a policy of automobile liability insurance issued by the company to Herman Ray Ezernack. Plaintiffs sought damages in the total sum of $9,275.45 from defendant by reason of personal injuries resulting from an automobile accident with a 1964 Ford Fairlane automobile owned and operated by Herman Ray Ezernack at the time. The accident occurred on June 8, 1964 in Houston, Texas. This action against Pioneer is in the nature of a third party beneficiary action on the policy of insurance issued by the Company.

On October 5, 1963, defendant issued said policy to Herman Ray Ezernack, the named insured, for a term of one year and originally insured a 1951 Ford automobile. By endorsement dated October 21, 1963, a 1953 Ford was substituted as the insured vehicle. Ezernack operated the 1953 vehicle until May 30, 1964 when the car completely broke down. He "couldn't drive it anymore" and the 1953 vehicle "just quit working." The next day Ezernack purchased a 1964 Ford automobile from Don McMillan Motors. He was then a minor, age 19 years, and he had his father sign the papers required to purchase the new automobile. He was working as a baker, and he made the down payment with his own money and used the vehicle as his own property. His father notified the Pioneer insurance agent of Ezernack's purchase of the new vehicle about two days after its purchase and was told by the agent that the son was insured and that the 1964 automobile was covered by his existing policy. However, the endorsement was delayed until July 31, 1964, and the reason for such delay is not shown. There was evidence, however, by Pioneer's administrative manager that the company's agents had no authority to bind the company, though he testified that such an agent is an authorized representative of the company with authority to sign policy contracts and endorsements. The view we take of this case, however, renders such notice non-controlling.

The Jeffersons filed suit against Ezernack and his father for damages for per-

---

Pete P. Navarro, Campbell, Lilly & Navarro, Houston, for appellant.

Hellmut A. Erwing, Gordon J. Kroll, Kroll & Smith, Houston, for appellees.

BARRON, Justice.

Suit was filed by Dorothy Jefferson and husband, Charles Jefferson, and Carolyn Jefferson, a minor, by next friend, against

sonal injuries on July 6, 1964, and on November 27, 1964 the insurance company denied liability under the policy and refused to defend the suit principally on the ground that the 1964 substitute vehicle was not covered by the policy. The Ezernacks employed their own attorney to defend the suit by the Jeffersons. The suit was dismissed for want of prosecution but was later reinstated by the trial court. The Ezernacks did not personally appear at the trial of the case, but their attorney did appear. The docket sheet in that case states that the Ezernacks through their attorney admitted liability, and the judgment of the trial court recited that a jury was waived and the witnesses were sworn, and that the court after hearing the evidence rendered judgment in favor of the Jeffersons for a total sum of $9,275.45 with interest. Judgment was rendered in that case on April 4, 1967.

In the present non-jury action by the Jeffersons against Pioneer Casualty Company, judgment was rendered against Pioneer on November 20, 1969 on defendant's Standard Automobile Liability Policy for the sum of $9,275.45 with interest. Pioneer Casualty Company has appealed.

Appellant's principal contention is that the trial court erred in holding that the policy in question covered Herman Ray Ezernack while he was operating the 1964 Ford Fairlane automobile and that the latter vehicle did not "replace" the 1953 Ford under the terms of the policy. We overrule the contention. Under the insuring agreements the policy provides as follows:

"NEW ACQUIRED AUTOMOBILE— an automobile, ownership of which is acquired by the named insured or his spouse if a resident of the same household, if (i) it replaces an automobile owned by either and covered by this policy, or the company insures all automobiles owned by the named insured and such spouse on the date of its delivery, and (ii) the named insured or such spouse notifies the company within thirty days following such delivery date; *but such*

*notice is not required if the newly acquired automobile replaces an owned automobile covered by this policy.* The insurance with respect to the newly acquired automobile does not apply to any loss against which the named insured or such spouse has other valid and collectible insurance. The named insured shall pay any additional premium required because of the application of the insurance to such newly acquired automobile." (Emphasis added).

Thus, if the newly acquired automobile "replaces" an owned automobile covered by the policy, coverage of the new automobile is automatic and no notice to the company is required. It seems to be the rule in a case of this kind that provision in a policy for automatic coverage of replacement vehicles extends to coverage of a newly acquired vehicle only if the replaced vehicle has been disposed of by the named insured or is inoperable or incapable of further service. Filaseta v. Pennsylvania Threshermen & Farmers Mutual Casualty Ins. Co., 209 Pa.Super. 322, 228 A.2d 18 (1967); National Indemnity Company v. Aaneson, 264 F.Supp. 408 (D.C. Minn., 1967); 7 Blashfield—Cyclopedia of Automobile Law and Practice (3rd Ed.), Sec. 316.5, pp. 666–667 and cases cited; 7 Appleman—Insurance Law and Practice, Sec. 4293 (1969), p. 25. In the present case the evidence clearly shows that Ezernack's 1953 vehicle was inoperable and incapable of further service. Though the evidence does not show that he sold the broken-down vehicle, it is shown that his father, in whose name the certificate of title was placed since Ezernack was a minor, took charge of the 1953 Ford for possible further use by the boy's sister. In any event Ezernack is not shown to have used or attempted to repair the 1953 vehicle at any time after May 30, 1964.

Where a provision of an insurance policy is subject to different constructions, one favorable to the insurer and one favorable to the insured, the construction favorable to the insured's coverage should prevail. A

construction which restricts the meaning of "replace" too severely tends to destroy the protection the insured is entitled to receive. The 1953 vehicle was actually replaced in every ordinary sense of the word. Words used in an insurance policy are to be given their usual and natural meaning unless they are otherwise defined in the policy.

The case of McKinney v. Calvert Fire Ins. Co., 274 S.W.2d 891 (Tex.Civ.App.), writ ref., n. r. e., is distinguishable. In that case the replaced vehicle was at all times in a fully operable condition. The case of Providence Washington Ins. Co. v. Hawkins, 340 S.W.2d 874 (Tex.Civ.App.), no writ hist., is also distinguishable on the facts.

We hold that the 1964 Ford Fairlane was covered by liability insurance under the automatic coverage provision of appellant's policy on June 8, 1964 when the accident with appellees occurred.

■ Appellant complains that the judgment rendered in favor of appellees against the insured was not rendered after "actual trial" as required by the policy and further contends that the insured violated the assistance and co-operation clause of the insurance contract. The record reflects that appellant refused to defend the action brought against the insured by appellees. It was therefore necessary for the insured to obtain counsel to defend the suit. The facts in this connection have been outlined above. Appellant relies on Wright v. Allstate Ins. Co., 285 S.W.2d 376 (Tex.Civ. App.), writ ref., n. r. e, for the proposition that judgment must be rendered after an actual trial in order to comply with policy requirements in recovery to be had on the policy. It is to be noted that the "judgment" in the Wright case recited that it was no more than an approval of what the court deemed a "fair and equitable" compromise agreement. The judgment in the Wright case was then held not to be a judgment after "actual trial."

In Gulf Ins. Co. v. Vela, 361 S.W.2d 904 (Tex.Civ.App.), writ ref., n. r. e., the court also had an opportunity to determine whether a judgment had been entered after "actual trial" with a policy provision similar to the provisions in both the Wright case and the case at bar. The facts in Vela are more similar to the instant case than are the facts of the Wright case in that in the former two cases there was no recitation of the court's approval of a compromise but a valid judgment which recited that the pleadings and sworn testimony had been heard by the court. In holding that there had been a judgment after actual trial in the Vela case the court also stated that since the insurance company did not defend the suit as it had promised in the insurance contract it could not complain of the insured's failure to comply with the policy. When an insurer breaches its insurance contract by refusing to defend a suit it cannot thereafter insist on compliance with the insurance contract by the insured. American Fidelity & Casualty Co. v. Williams, 34 S.W.2d 396 (Tex.Civ.App.), writ ref.; Travelers Indemnity Co. v. Equipment Rental Co., 345 S.W.2d 831 (Tex.Civ. App.), writ ref., n. r. e. We hold, however, that the evidence is clearly sufficient to justify the trial court's finding that there was an "actual trial" of the case of Jefferson v. Ezernack. All the tendered testimony is in the record. The court's judgment is evidence of what occurred, and such judgment is the best evidence thereof. See General Exchange Ins. Corporation v. Appling, 144 S.W.2d 699 (Tex.Civ.App.), no writ hist. We further hold that the evidence fails to disclose any violation by Ezernack of the assistance and co-operation clause of the policy.

■ Finally, appellant argues that appellees' petition is insufficient to state a cause of action. The substance of appellees' petition consists of allegations of the policy of public liability insurance issued by Pioneer to Ezernack; the recovery of judgment by appellees against Ezernack in the sum of $9,275.45; the refusal of Pioneer to defend the action; the employment by Ezernack of his own attorney; the bringing of this

**414**

suit by the Jeffersons as third-party beneficiaries; and prayer for judgment against appellant under its insurance agreements. While appellees' petition could well have stated their claim in more detail and the petition could have been more specific, appellant joined issue and tried the suit without filing any special exceptions to the petition. In the absence of motions or special exceptions in writing brought to the attention of the court before rendition of judgment in a non-jury case, any defect, omission or fault in pleading, either of form or of substance, shall be deemed to have been waived by the party seeking reversal on such account. Rule 90, Texas Rules of Civil Procedure; and see Gulf, Colorado & Santa Fe Ry. Co. v. Bliss, 368 S.W.2d 594, 599 (Tex.Sup.).

Finding no error in the judgment below, we affirm the judgment of the trial court.