**Orval R. MITCHELL, Plaintiff and Respondent,**

v.

**Shirley Gaye COYNE, Defendant and Third-Party Plaintiff and Appellant,**

v.

**ALLSTATE INSURANCE COMPANY, Third-Party Defendant and Respondent.**

**No. 13465.**

Supreme Court of Utah.

April 9, 1974.

Robert M. McRae, Salt Lake City, for appellant.

Nolan J. Olsen, Midvale, for Mitchell.

L. E. Midgley, Salt Lake City, for Allstate Ins. Co.

---

2. Stephens v. Doxey, 58 Utah 196, 198 P. 261.

TUCKETT, Justice:

On the issues raised by the third-party complaint of Shirley Gaye Coyne and the answer of Allstate Insurance Company, the third-party defendant, the court below granted Allstate's motion for a summary judgment and denied the motion of Shirley Gaye Coyne for similar relief. From the ruling of the court the third-party plaintiff appealed.

William Coyne, Sr., is the named insured under a liability insurance policy with Allstate Insurance Company. He had carried insurance with Allstate for about 20 years on his motor vehicles. William J. and Shirely Coyne are the son and daughter-in-law of the named insured. William Coyne, Sr. lived in Corte Madera, California. William J. and Shirley lived in Petaluma, California.

Prior to the marriage of William J. and Shirley, William J. had owned and operated various automobiles which had been covered by the father's insurance policy with Allstate.

On May 5, 1972, William J. and Shirley Coyne purchased a Ford Ranger truck from a dealer in California. William Coyne, Sr., loaned his son and daughter-in-law the sum of $1,000 as a down payment and also became a guarantor on the financing papers. Three or four weeks after the purchase of the truck, William J. and Shirley sold their home in California and moved to Murray, Utah. Out of the proceeds from the sale of the home William J. and Shirley repaid the loan to William Coyne, Sr. The truck was registered in the name of William J. and Shirley in the state of California, and after moving to Utah the truck was re-registered in the same names. William Coyne, Sr. told his son and daughter-in-law that he would take care of getting insurance for them and William J. and Shirley took no steps to obtain insurance.

On July 9, 1972, Shirley Coyne, while operating the Ford Ranger truck, was involved in an accident which resulted in fatal injuries to the driver of a motorcycle, one Melvin Ray Mitchell.

After the accident, William Coyne, Sr., went to the office of an agent of Allstate Insurance Company in California and took the necessary steps to have the Ford Ranger added to his policy. The secretary at the agent's office, at the request of Mr. Coyne, dated the form used as of June 28, 1972, and also gave Coyne a letter to the effect that the insurance was effective as of that date. Mr. Coyne was billed for the premium due for the added vehicle, and he has paid the same. The premium for the add-on vehicle was not returned by the company.

The third-party plaintiff claims that Allstate has breached its contractual duty by denying her coverage under the policy issued to William Coyne, Sr. She also seeks a judgment against Allstate for the amount of any judgment entered against her as a result of the accident she was involved in.

The policy of insurance we are here concerned with contains the following language:

The following persons are insured under this Part.

1. The named insured with respect to the owned automobile.

2. Any resident of the named insured's household with respect to the owned automobile.

3. Any other person with respect to the owned automobile, provided the actual use thereof is with permission of the named insured.

4. Any relative with respect to a non-owned private passenger automobile or trailer not regularly furnished for use of such relative.

2. Automobiles Covered (Page 2 of the Policy)

(c) "additional automobile" means an additional private passenger or utility automobile of which the named insured acquires ownership, provided notice of its delivery be given to Allstate within the policy term then current, or

if delivery is within 30 days before the end of such term, then within 30 days after delivery;

Payment of Premium

If the named insured acquires an additional automobile, the premium shall be adjusted as of the date of the delivery of such automobile. The named insured shall pay any additional premium required.

The trial court, after considering the answers to interrogatories and the depositions taken and published in the case, found and concluded that the vehicle in question was purchased by and in the names of William J. and Shirley Coyne and that it was never owned by William Coyne, Sr., the insured. The court further found that William J. and Shirley Coyne were not residents of the William Coyne, Sr. household at the time of and after the purchase of the automobile. The trial court also found there was insufficient evidence to show that the coverage on the vehicle in question was obtained prior to the date of the accident.

■■■■ The sole question to be determined in this case is whether or not the vehicle here in question comes within the policy definition of "additional automobile." After a careful consideration of the terms of the policy above referred to we must conclude that no coverage was afforded Shirley Coyne, the third-party plaintiff.[1] The fact that Allstate did not refund or tender the additional premium charged William Coyne, Sr., can make no difference here inasmuch as rescission was not requested, and in any event, that matter is solely between the named insured and Allstate.

The decision of the court below is affirmed. Respondent is entitled to costs.

CALLISTER, C. J., and HENRIOD, ELLETT and CROCKETT, JJ., concur.

[1]. Hays v. Robertson, 20 Utah 2d 186, 435 P.2d 925; Farmers Insurance Exchange v. Smith, 15 Ariz.App. 42, 485 P.2d 866.