**174**

CAROLINA CASUALTY INSURANCE COMPANY, a Florida Corporation, Defendant below, Appellant,

v.

Lawrence E. MERGENTHALER, t/a Mergenthaler's Bus Service, and Salem County Coach Co., Plaintiffs below, Appellees.

Supreme Court of Delaware.

Argued Sept. 22, 1976.

Decided Jan. 4, 1977.

Revised Feb. 25, 1977.

Warren B. Burt, of Prickett, Ward, Burt & Sanders, Wilmington, for defendant-appellant.

Donald W. Booker, Wilmington, for plaintiffs-appellees.

Before HERRMANN, C. J., DUFFY and McNEILLY, JJ.

PER CURIAM:

In this action under a policy of casualty insurance, the critical issue is whether a 41-passenger 1950 G.M.C. coach is a "replacement" vehicle within the meaning of a Newly Acquired Automobile Clause in the contract, which provides:

"An automobile, ownership of which is acquired by the named insured . . . if (I) it replaces an automobile owned by . . . [the insured] and covered by this policy . . . and (II) the named insured . . . notified the company within thirty days following such delivery date; but such notice is not required under Coverages A, B and Division 1 of

coverage C if the newly acquired automobile replaces an owned automobile already covered by this policy . . . ."

A judgment for plaintiffs was entered in the Superior Court following a jury verdict bottomed on the premise that the coach qualified as a replacement. We reverse.

In *Lynam v. Employers' Liability Assurance Corporation*, D.Del., 218 F.Supp. 383, 385 (1963), aff'd 3 cir., 331 F.2d 757 (1964), the Court said:

> "The only times when a vehicle may come within the Newly Acquired Automobile Clause are (1) when a vehicle is acquired which in fact is a replacement and the owner discards the old vehicle, (2) when the old vehicle is retained but is not in working condition. The new vehicle must also be acquired after the issuance of the policy."

See generally, Anno. 34 A.L.R.2d 936 (1954).

Here, the undisputed fact is that the policy was effective on November 5, 1968 for a one-year period. Assuming that the 1950 coach was acquired after coverage began, that meets only one part of the *Lynam* test. There remains the critical question of whether that coach was a replacement for the smaller vehicle. The ordinary meaning of "replacement" requires that the second vehicle be a substitute or equivalent of the first. *Nationwide Mutual Insurance Company v. Mast*, Del.Super., 2 Storey 127, 153 A.2d 893, 895 (1959). It surely puts too heavy a burden on language, and on Carolina Casualty, to say that "in fact" a 41-passenger coach which was involved in an accident in Union City, New Jersey, while on charter work, is a "replacement" for a 16-passenger vehicle providing shuttle service between Wilmington and Deepwater. The informality of the Mergenthaler operations and the vagueness of his testimony about the vehicles complicate what is, in essence, a relatively simple issue, but we glean enough to know that Mergenthaler did not carry his burden of proof on these two critical requirements. It

was, therefore, error to deny defendant's motion for a directed verdict.

Reversed.

## ON MOTION FOR REARGUMENT

Plaintiffs moved for reargument on the ground, *inter alia*, that the Court "[f]ailed to apply facts of the case as set out before the jury to the law cited in its opinion . . . ." By direction of the Court, defendant filed an answer to the motion.*

Plaintiffs' contention is that the 41-passenger coach was acquired by Salem County Coach Company in December 1968, a month after issuance of the policy, and not prior thereto. We have modified the opinion so that it is not based on when the larger coach was obtained by Salem. But it does not follow that reargument should be granted. We say this because plaintiffs have not established that a change in disposition of the case is either warranted or likely.

Under the *Lynam* rule, which we have adopted, the requirements for insurability are conjunctive. Thus, the party seeking coverage must prove that the second vehicle was acquired after issuance of the policy *and* that the new vehicle was, in fact, a replacement for the old. We have assumed that plaintiffs satisfied the first requirement, but the basic and determinative factor is that a 41-passenger coach is not a replacement for a 16-passenger bus, within the meaning of the policy, under the circumstances of this case. For this reason, the result announced in the opinion remains unchanged.

Defendant's other contentions are without merit.

Plaintiffs' motion for reargument is denied.

---

* Plaintiffs filed a "reply" to the answer but that may be done only with Court permission, which had not been secured. The reply, therefore, is ordered stricken from the record. See *Ingersoll v. Rollins Broadcasting of Delaware, Inc.*, Del.Supr., 269 A.2d 217, 221 (1970).