MID–CENTURY INSURANCE COMPA-
NY and Farmers Insurance Group (Mid–
Century being one of the Farmers group
of companies), Petitioners,

v.

Tony LILJESTRAND, Respondent.

No. 79SC192.

Supreme Court of Colorado,
En Banc.

Dec. 22, 1980.

DeMoulin, Anderson, Campbell & Lauges-
en, Richard W. Laugesen, Denver, for peti-
tioners.

Weltzer & Worstell, Louis A. Weltzer,
Denver, for respondent.

ERICKSON, Justice.

We granted certiorari to review the opinion of the court of appeals in *Chavez v. Zanghi, Philip Liljestrand, Tony Liljestrand v. Mid–Century Insurance Company and Farmers Insurance Group*, 42 Colo.App. 417, 598 P.2d 152 (1979). We reverse and remand the case to the court of appeals with directions to reinstate the judgment of the trial court.

Different parties were before the trial court and the court of appeals than appear before us for certiorari review. The sole issue before us on review is Tony Liljestrand's claim that he was covered by legal liability insurance provided by Farmers Insurance Group (Farmers). The trial court entered judgment declaring (1) that Farmers was not obligated to defend Tony Liljestrand in an action for personal injuries arising out of a motor vehicle collision, and (2) that Farmers did not provide liability insurance on a 1968 Ford Galaxie. The court of appeals reversed the district court and determined that Farmers provided liability insurance to Tony Liljestrand on the 1968 Ford Galaxie.

The Insurance issues are tied to a telephone call from Philip Liljestrand to Jerry Sprinkle, the Farmers agent, and the interpretation of the provisions of a Farmers automobile policy issued to Philip Liljestrand, Tony Liljestrand's father. On June 4, 1976, Philip Liljestrand renewed his automobile liability insurance coverage on a 1964 Chevrolet pickup truck. Tony Liljestrand claims that his father told the Farmers agent that the policy was being renewed because title to the pickup truck had been transferred to him. At the time that the automobile insurance policy was issued to Philip Liljestrand for the pickup truck, Tony Liljestrand was emancipated and living away from the family home. It was also stipulated that Tony Liljestrand's driver's license was suspended and that he could not lawfully operate a motor vehicle.

In July 1976, Tony Liljestrand sold the pickup truck, and acquired a 1968 Ford Galaxie from Anthony Zanghi. Thereafter, on August 13, 1976, while Tony was driving the 1968 Ford Galaxie, he collided with another vehicle, causing injuries which brought about a claim for damages, and his subsequent claim against Farmers for failing to provide him with liability insurance. The collision occurred within thirty days after Tony Liljestrand acquired the 1968 Ford Galaxie. After the collision he notified Farmers of the claim which had been made against him and asserted coverage on the theory that the automobile which he was driving was a "newly acquired automobile."

The trial court found that the Farmers agent had actual knowledge that the pickup truck was titled in the name of Tony Liljestrand. His knowledge was imputed to Farmers, and the trial court concluded that if Tony Liljestrand had been driving the pickup truck, Farmers would have been estopped to deny insurance coverage.

The trial court concluded, however, that the Farmers policy was issued in the name of Philip Liljestrand and that Tony Liljestrand was not a "named insured" in any policy issued by Farmers. The trial court's findings of fact, conclusions of law and order state:

"The policy provides coverage to only the named insured for a 'newly acquired vehicle.' A newly acquired vehicle is one which replaces the previously covered vehicle, if such change is reported to Farmers within thirty days. It could be argued that the 1968 Ford Galaxie replaced the 1964 Chevrolet pickup, but it could never successfully be argued that Philip Liljestrand, the named insured, was the owner of the 1968 Ford Galaxie.

"Therefore, the Court finds that the 1968 Ford Galaxie did not qualify as a newly acquired vehicle under the terms of the policy, and Tony Liljestrand was not insured by Farmers Insurance Group while he was driving the 1968 Ford.

"IT IS THEREFORE ORDERED that judgment enter declaring that Farmers Insurance Group is not obligated to defend Tony Liljestrand in any claim against him as a result of the accident which took place on August 13, 1976, and

that Farmers Insurance Group did not provide insurance to Tony Liljestrand in connection with his driving of the 1968 Ford Galaxie."

An appeal was taken and at a preargument conference in the court of appeals, an abbreviated record was agreed to which complicates review of the issues. As the case is postured, both parties assert that the record before us is incomplete and fails to include matters which we should consider in determining the issues. At the preargument conference in the court of appeals, the parties stipulated:

(1) That the evidence supports the findings of fact made by the trial court;

(2) That the accident with the Galaxie happened within thirty days of the acquisition of the Galaxie;

(3) That Tony Liljestrand was not licensed to drive the automobile at the time the insurance policy was issued to his father or any other time prior to the accident, said license having been suspended.

The court of appeals determined that the Farmers agent deliberately caused the policy to be renewed in Philip Liljestrand's name after being advised by Philip Liljestrand that the reason for renewal was that Tony Liljestrand owned the 1964 Chevrolet pickup truck. The court of appeals concluded that Farmers was estopped to deny legal liability coverage to Tony Liljestrand because the 1968 Ford Galaxie was a newly acquired automobile under the terms of the policy. Our reversal of the court of appeals centers on the provisions of the automobile insurance policy and the findings of fact and conclusions of law of the trial court.[1]

The controlling definitions and provisions of the Farmers policy are:

"DEFINITION OF NAMED INSURED. If the named insured in Item 1 of the Declarations is an individual [Philip Liljestrand] the term 'named insured' includes his spouse if a resident of the same household."

\* \* \* \* \* \*

"Newly Acquired Automobile means an automobile, ownership of which is acquired by the named insured, (a) if it replaces the described automobile and the named insured notifies the Company within thirty days following the date of such acquisition or within the policy term then current, whichever is the longer period of time, or (b) if it is an additional automobile and the Company insures all automobiles owned by the named insured on the date of such acquisition and the named insured notifies the Company within thirty days thereafter; but the insurance with respect to the newly acquired automobile does not apply to any loss against which the named insured has other collectible insurance. The named insured shall pay any additional premium required."

No claim has been made for reformation of the insurance agreement. *See Doyle v. Allstate Insurance Company*, 4 Wis.2d 411, 90 N.W.2d 562 (1958). Therefore, the issue is whether Tony Liljestrand was a named insured who would qualify for newly acquired automobile protection.

■ By the terms of the policy, the newly acquired automobile protection extended only to the "named insured," or "his spouse if a resident of the same household." The named insured is the party who contracts for insurance and whose background and driving experience determines the premium which must be paid for the policy. Policy

---

1. The trial court found that Tony Liljestrand could have been covered under the renewal policy issued by Farmers on the 1964 Chevrolet pickup in the name of Philip Liljestrand. The court specifically found that Sprinkle did have actual knowledge that the 1964 Chevrolet pickup was titled in the name of Tony Liljestrand. The court held that the knowledge of agent Sprinkle was imputed to Farmers, and that Farmers was estopped to deny coverage to Tony Liljestrand on the theory of ownership, had he been driving the 1964 Chevrolet pickup. We do not find it necessary to address the propriety of the trial court's holding on this particular issue, except to point out that the court of appeals used the estoppel theory as a basis for their conclusion that Tony Liljestrand became the named insured by virtue of the fact that Sprinkle knew that title to the 1964 Chevrolet pickup was in Tony Liljestrand's name.

rates for the insurance were calculated on the basis of Philip Liljestrand's accident free driving record, and his ownership of multiple vehicles. The address of the named insured, Philip Liljestrand, was shown to be 7801 Kimberly Street, Commerce City, Colorado. Tony Liljestrand lived at 2121 East 69th Avenue, where the pickup truck was kept. The 1968 Ford Galaxie was acquired by Tony Liljestrand, not Philip Liljestrand, the named insured. The trial court held that Tony Liljestrand had never been a named insured with Farmers and there was no evidence of an intent on the part of Farmers to cause him to be the named insured.

A court cannot rewrite a non–ambiguous policy nor limit its effect by a strained construction. *Hays v. Robertson*, 20 Utah 2d 186, 435 P.2d 925 (1968); *Reserve Insurance Company v. Dearhart*, 219 Ga. 699, 135 S.E.2d 378 (1964). All of the provisions in the policy must be read as a whole. In this case, the only interpretation which is consistent with the intent of the parties and with the named insured language in the policy, is that Tony Liljestrand was not entitled to claim the newly acquired automobile benefit protection, because he was not the named insured or the spouse of the named insured. *Urtado v. Allstate Insurance Company*, 187 Colo. 24, 528 P.2d 222 (1974). *See Robinson v. Georgia Casualty & Surety Company*, 235 S.C. 178, 110 S.E.2d 255 (1959). The trial court specifically found that "there was no evidence of an intent on the part of anyone to so insure him [Tony Liljestrand] in the instance case."

The identification of the named insured is of paramount interest to the insurance carrier. Consequently, in interpreting insurance policies, courts have held that the term "named insured" has a restricted meaning and does not apply to any persons other than those named in the policy. *Kohly v. Royal Indemnity Company*, 190 So.2d 819 (Fla.1966); *Holthe v. Iskowitz*, 31 Wash.2d 533, 197 P.2d 999 (1948). Tony Liljestrand was uninsurable because his driver's license was suspended and he could not lawfully operate an automobile on Colorado highways. *See American Service Mutual Insurance Company v. Parviz*, 153 Colo. 490, 386 P.2d 982 (1963).

 When a newly acquired automobile provision is not applicable, liability coverage extended to a stated automobile terminates when the automobile is sold or ownership is changed, unless the insurance carrier approves an extension of insurance coverage. *Worchester v. State Farm*, 172 Colo. 352, 473 P.2d 711 (1970).

Accordingly, we reverse and return this case to the court of appeals with directions that the judgment of the trial court be reinstated.