HAWKEYE SECURITY INSURANCE CO., Plaintiff–Appellee,

v.

Walter K. WOODWARD and Eva Jo Woodward, both individually and d/b/a Double Diamond Partnership, Defendants–Appellees,

and

Ricky Dean Kerber and Linda Kerber, Defendants–Appellants.

No. 87CA0980.

Colorado Court of Appeals, Div. II.

Oct. 27, 1988.

Rehearing Denied Nov. 25, 1988.

Certiorari Denied Feb. 13, 1989.

Anderson, Campbell & Laugesen, P.C., Laird Campbell, Denver, for plaintiff-appellee.

Stern, Newton & Peters, P.C., Ronald S. Stern, Granby, for defendants-appellants.

SMITH, Judge.

Ricky Dean and Linda Kerber (Kerbers) appeal a declaratory judgment construing the language of a policy exclusion entered in favor of Hawkeye Security Insurance Company (Hawkeye). We affirm.

This action was commenced by Hawkeye against its insured, the Woodards, d/b/a Double Diamond, and the Kerbers. Hawkeye provided general liability insurance coverage to its insured, who was engaged in the business, inter alia, of renting snowmobiles. Ricky Kerber was seriously injured as a result of the negligent use, by a third person, of a snowmobile rented from Double Diamond.

Kerber claimed, in a separate action, that Double Diamond knew the snowmobile would be used by the person who caused the injury and that it therefore was liable on a theory of negligent entrustment. Hawkeye denied coverage based on the following special endorsement exclusion to its policy which provided that: "It is agreed that this insurance does not apply to bodily injury or property damage arising out of the ownership, maintenance, use or rental of snowmobiles." It was also stipulated that, because Hawkeye was unwilling to provide coverage relative to the use or rental of snowmobiles, its insured had ob- tained separate snowmobile insurance from another carrier.

Hawkeye asserted, and the trial court agreed, that the language of the special endorsement was so clear as to require no interpretation; hence the rationale of *United Fire & Casualty Co. v. Day*, 657 P.2d 981 (Colo.App.1982) and *Douglass v. Hartford Insurance Co.*, 602 F.2d 934 (10th Cir.1979) were not applicable for purposes of determining the meaning of the term "rental" as used in the special endorsement. We agree with that analysis.

Regardless of whether the snowmobile was operated by another, it is undisputed that it was rented by the insured. Consequently, the unambiguous agreement must be enforced according to its express terms without our creating an ambiguity by torture of its words and phrases. *See Mid-Century Insurance Co. v. Liljestrand*, 620 P.2d 1064 (Colo.1980).

Accordingly, the judgment of the trial court is affirmed.

BABCOCK and REED, JJ., concur.