RICHARD G. BELL AND WIFE, EVALYN C. BELL v. WEST AMERICAN INSURANCE COMPANY

No. 8721DC927

(Filed 15 March 1988)

1. **Insurance § 141— property moved from one house to another—property insured against theft—no coverage under relocation provision**

   Personal property stolen from plaintiffs' house was not covered under the relocation provision of an insurance policy, since personal property was insured against theft under this provision if it was located in a "newly acquired principal residence," but the house from which property was taken in this case was acquired before issuance of the insurance policy.

2. **Insurance § 141— property moved from one house to another—property insured against loss by theft "anywhere in the world"**

   Plaintiffs' personal property was covered under the provision of an insurance policy which insured against loss by theft anywhere in the world, since the property was located in a house owned by plaintiffs into which they were moving but in which they were not living, their principal residence being in another town.

   Judge COZORT concurring.

APPEAL by plaintiffs from *Alexander (Abner), Judge*. Judgment entered 13 May 1987 in District Court, FORSYTH County. Heard in the Court of Appeals 1 March 1988.

Prior to 4 September 1984, plaintiffs resided in a house they owned in Winston-Salem, North Carolina. On that date, plaintiffs

moved into a new house in Advance, North Carolina, which became their permanent residence. Immediately prior to the move, plaintiffs obtained from defendant an insurance policy which, in part, insured their personal property against theft and listed the Advance house as the "residence premises."

Plaintiffs never sold the Winston-Salem house and in the summer of 1985 decided to move back to Winston-Salem. Over a period of approximately one month, plaintiffs moved items of personal property to the Winston-Salem house while continuing to reside at their address in Advance.

Before the move was completed, plaintiffs discovered the theft of certain personal property from the Winston-Salem house. Plaintiffs seek to recover under the insurance policy for loss by theft. On 13 May 1987, the trial court granted defendant's motion for summary judgment. Neither plaintiffs nor defendant offered affidavits or depositions and the motion was heard on the pleadings.

*Richard G. Bell and Kenneth D. Bell for plaintiffs-appellants.*

*Petree Stockton & Robinson, by Robert J. Lawing and Jane C. Jackson, for defendant-appellee.*

SMITH, Judge.

Summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that any party is entitled to a judgment as a matter of law." G.S. 1A-1, Rule 56(c). The trial court's order granting summary judgment for defendant was thus proper only if there was no issue of material fact and defendant was entitled to judgment as a matter of law.

In construing a policy of insurance, each word and clause must be given effect if that can be done by any reasonable construction. *Trust Co. v. Insurance Co.*, 276 N.C. 348, 172 S.E. 2d 518 (1970); *Williams v. Insurance Co.*, 269 N.C. 235, 152 S.E. 2d 102 (1967). Whenever an insurance policy defines a specific term, that definition is binding on the parties. *Industrial Center v. Liability Co.*, 271 N.C. 158, 155 S.E. 2d 501 (1967). Words not

defined, however, are to be given their ordinary meaning. *Grant v. Insurance Co.*, 295 N.C. 39, 243 S.E. 2d 894 (1978); *Woods v. Insurance Co.*, 295 N.C. 500, 246 S.E. 2d 773 (1978).

After applying these rules of interpretation, any ambiguity in the policy must be resolved against the carrier and in favor of the insured. *Trust Co. v. Insurance Co., supra; Williams v. Insurance Co., supra.* When there is no ambiguity in the policy, the contract must be enforced as written and as a reasonable person in the position of the insured would understand it. *Grant v. Insurance Co., supra.* In the insurance policy in the case at bar, the pertinent provisions are as follows:

DEFINITIONS

4. "insured location" means:

a. the residence premises;

b. the part of any other premises, other structures, and grounds, used by you as a residence which is shown in the Declarations or which is acquired by you during the policy period for your use as a residence;

8. "residence premises" means the one or two family dwelling, other structures, and grounds or that part of any building where you reside which is shown as the "residence premises" in the Declarations.

COVERAGES

We cover personal property away from the residence premises anywhere in the world:

a. owned or used by any insured;

Our liability for personal property away from the residence premises is an additional amount of insurance:

a. not more than 10% of the limit of liability on Coverage C;

b. not less than $1,000.

RELOCATION. If you move personal property covered under Coverage C to a newly acquired principal residence in the Continental United States or the State of Hawaii, Coverage C Limit of Liability applies:

a. at each location in the proportion that the personal proper-
ty at each location bears to the total value of personal prop-
erty covered under Coverage C;

b. for 30 days immediately after you begin to move to the
new principal residence.

PERILS INSURED AGAINST

This peril does not include loss caused by theft that occurs
away from the residence premises of:

a. property while at any other residence owned, rented or oc-
cupied by any insured except while the insured is temporari-
ly residing there.

[1] Clearly, the house in Winston-Salem does not qualify as a
"residence premises" under the terms of the policy as the "resi-
dence premises" is designated as being the Advance address.
Therefore, we must determine whether the personal property in-
volved in this matter is covered under the relocation provision of
the policy. Personal property is insured against theft under this
provision if it is located in a "newly acquired principal residence."
The pertinent term in the relocation clause is "newly acquired."
Though our courts have not interpreted the phrase "newly ac-
quired" in the context of a residence, it has been defined with ref-
erence to automobile insurance. In *Insurance Co. v. Shaffer*, 250
N.C. 45, 108 S.E. 2d 49 (1959), our court discussed with approval
cases from other jurisdictions that defined "newly acquired" as
meaning acquired after the issuance of the policy. *Brown v. State
Farm Mutual Automobile Ins. Co.*, 306 S.W. 2d 836 (Ky. 1957);
*Utilities Ins. Co. v. Wilson*, 207 Okla. 574, 251 P. 2d 175 (1952);
*Commercial Standard Ins. Co. v. Central Produce Co.*, 42 F. Supp.
31 (M.D. Tenn. 1940), *aff'd*, 122 F. 2d 1021 (6th Cir. 1941). Thus,
giving effect to the words "newly acquired," it is apparent that
the property in question would not be covered under the reloca-
tion clause of the policy because the Winston-Salem house was ac-
quired before the issuance of the insurance policy.

[2] We next address the coverage provision. The policy purports
to provide coverage for theft loss away from the residence prem-
ises anywhere in the world with certain monetary limitations.
Thus, the theft of property is covered unless it is excluded from
coverage under the section denoted "Perils Insured Against."

This section excludes from coverage any loss occurring away from the residence premises if the property is located at "any other residence owned, rented or occupied by an insured [unless] the insured is temporarily residing there." As the term "residence" is not defined by the policy, a decision in this case must be made by defining the word "residence" as used in the policy. This term has been generally defined by our courts. "Residence" means a person's actual place of abode whether temporary or permanent. *Baker v. Varser*, 240 N.C. 260, 82 S.E. 2d 90 (1954); *Sheffield v. Walker*, 231 N.C. 556, 58 S.E. 2d 356 (1950); *Owens v. Chaplin*, 228 N.C. 705, 47 S.E. 2d 12, *reh'g denied*, 229 N.C. 797, 48 S.E. 2d 37 (1948).

In order for the Winston-Salem address to be a residence of plaintiffs', they would actually have to live at that location on at least a temporary basis. *Hall v. Board of Elections*, 280 N.C. 600, 187 S.E. 2d 52 (1972), *modified on other grounds, Lloyd v. Babb*, 296 N.C. 416, 251 S.E. 2d 843 (1979). Such is not the case here. Plaintiffs were still residing and living full time at the Advance address. Therefore, plaintiffs' property is covered under the coverage provision of the policy which insures against loss by theft anywhere in the world. This interpretation gives effect and meaning to all of the pertinent provisions of the insurance contract without ambiguity. Further, we note that plaintiffs did not assign as error the trial court's failure to grant summary judgment in their favor.

Reversed and remanded.

Judges EAGLES and COZORT concur.

Judge COZORT concurring.

I concur with the majority opinion, as far as it goes. I believe, however, that the cause should be remanded with instructions to the trial court for entry of judgment for plaintiff on the liability question. Under N.C. Gen. Stat. Sec. 1A-1, Rule 56(c), "[s]ummary judgment, when appropriate, may be rendered against the moving party." I would remand the cause for further proceedings on the amount of damages and the plaintiffs' claims for counsel fees under N.C. Gen. Stat. Sec. 6-21.1.